## J. R. MARSHALL AND OTHERS v. D. H. ALLEY.

The statute regulating the issuance of attachments explicitly requires that the plaintiff, his agent, or attorney, shall make affidavit "that the defendant is justly indebted to the plaintiff and the amount of the demand;" and where this requirement has not been complied with in terms, nor certainly in substance, the proceedings under it are fatally defective, and the attachment will be dissolved.

In this case, literally construed, a certain amount is averred in the petition (which is sworn to) to be due, yet the allegations of the petition, when taken together, show clearly that the affiant did not mean to assert such amount as the true indebtedness; and the sum claimed to be due, not otherwise and with property certainty appearing from the petition or the affidavit, *held*, that the attachment was rightly dissolved.

Without a direct allegation of the amount due, in proceedings of attachments based on a note, on which specified payments or credits are admitted in the petition, the inference therefrom, as to the real indebtedness, is not sufficiently certain to satisfy the statute, for the defendant may have demands which he is entitled to have set off against the note.

ERROR from Cass. Tried below before the Hon. W. S. Todd.

This was a suit brought by the commercial firm of John R. Marshall & Co., against the defendant in error on a promissory note for $2951 83, payable nine months after date, with interest at the rate of eight per cent. per annum from maturity until paid, dated June 17, 1856.

The petition commencing in the ordinary form, after averring the co-partnership and residence of the plaintiffs, alleges that the defendant "is justly indebted to them in the sum of two thousand dollars." The petition then proceeds to state the aforesaid cause of action founded upon the execution and delivery to them by the defendant of the note, referring to the same as an exhibit annexed to the petition. In the same connection the petition admits that "upon said note there are credits endorsed of six hundred dollars, June 1, 1857; five hundred dollars, August 19, 1857; and three hundred dollars, October 15, 1857." The petition then avers that said note is due and payable, and that the defendant has failed to pay the same, except the several sums above specified as admitted credits, " to petitioner's damage two thousand dollars."

Marshall v. Alley.

These allegations are followed by the averment that defendant has property and effects in Red River county, in the State of Texas, subject to attachment for the payment of this debt, to which county they pray that a writ of attachment issue; prayer for citation and judgment against the defendant for the amount of money due on said note, with interest.

The affidavit attached to the petition states "the facts set forth in the above petition are true." The affidavit does not elsewhere, or otherwise, refer to the amount of indebtedness, and in so far as it sets forth other statutory grounds for the issuance of the attachment, need not here be recited. The petition was filed and affidavit made on the 10th day of August, 1858. The attachment issued and was levied upon land.

The defendant moved to dissolve the attachment because the true indebtedness alleged to exist is not shown by the affidavit. The same question is otherwise presented in the motion. The defendant answered, denying the authority of Sanders, the agent, making the affidavit so to do, and filed a general denial of the allegations of the petition.

The motion to dissolve the attachment was by the court sustained, and judgment was rendered on April 2d, 1859, against the defendant on the note for the sum of eighteen hundred and forty dollars and forty-three cents, the defendant withdrawing his answer.

The plaintiffs in error assign as error the dissolution of the attachment and consequent refusal by the court to render subject to the judgment for the money, the land which had been attached.

*Moseley & Wilkinson*, for plaintiffs in error.

*Rogers, Rogers & Mills*, for defendant in error.

WHEELER, C. J.—We are of opinion that the court did not err in its judgment dissolving the attachment. It is evident the plaintiffs' agent, who made the affidavit, did not intend to make oath that two thousand dollars (the sum claimed in the petition) was the amount of the plaintiffs' demand; for the petition itself

showed that that sum was not due. The amount of the defendant's indebtedness is not stated either in the petition or affidavit. It can only be arrived at by a calculation founded upon the statements of the petition of the amount of the note sued on, and the payments and credits to which it is entitled. The statute is explicit " that the plaintiff, his agent, or attorney, shall make affidavit that the defendant is justly indebted to the plaintiff and the amount of the demand." (O. & W. Dig., Art. 43.)

. The statute has not been complied with in terms, nor certainly in substance. It is not a necessary conclusion from the petition that the amount of the note, less the admitted payments, is justly due the plaintiffs. The defendant may have demands which he is entitled to have set off against the note. The requirement of the statute is plain and positive, and ought to be observed. A literal compliance is just as easy as a substantial or virtual compliance, and has the advantage that it avoids the necessity of construing language which may admit of different meanings. It leaves the party making the affidavit no room for evasion or equivocation. Proceedings in attachment are construed strictly; and so construed, we think the court rightly held the affidavit in this case insufficient.

In Morgan v. Johnson, cited by counsel for the plaintiffs, (15 Tex. R., 568,) the several sums due were distinctly stated. This is not done in the present case. We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.