### JULIUS ESPEY ET AL. v. HEIDENHEIMER BROS.

(Case No. 1540.)

1. ATTACHMENT.— When, in a suit by attachment to secure a debt due on promissory notes, the defendant's right to a credit, resulting from a partial payment, is admitted, but the date of such payment is not averred either in the petition or affidavit, the attachment cannot be sustained and the writ of attachment should be quashed.

2. SAME.— Though the presumption of law in a suit on a promissory note, where the date of a partial payment is alleged, would ordinarily be that it occurred on the day of the execution of the note, no such presumption will obtain in suits by attachment. The requirement of the statute, that the amount of the demand shall be stated in the affidavit, must be strictly observed; and this is not done when, by an omission to state the date of an acknowledged credit, there is nothing by which, in computing interest, the amount due may be certainly determined.

3. CASES DISTINGUISHED.— This case distinguished from Morgan v. Johnson, 15 Tex., 568, which held that the affidavit for attachment was sufficient if it alleged that the defendant was "indebted to the plaintiffs in the several sums of money mentioned" in the petition. It is also distinguished from Wright v. Ragland, 18 Tex., 298, which sustained an affidavit to the effect that the defendant was justly indebted to plaintiff in a specified sum besides interest, because, the principal debt and rate of interest being stated, the interest was of certain ascertainment.

4. ATTACHMENT.— The statement required by the statute as to the amount of the indebtedness in proceedings by attachment, must be as carefully set forth as any other in the affidavit. The clerk who issues the writ must state in it the amount, and this he cannot do by reference to legal presumptions arising on facts stated.

5. EVIDENCE — VARIANCE.— In attachment proceedings to recover the amounts specified in several promissory notes, it was alleged that the defendants contracted in the notes to pay "ten per cent. as attorney's fees on the respective amounts of said respective notes, in case suit or suits had to be brought thereon to collect the same or either of them, and in case defendants made default in payment of either of them." A note offered in evidence provided only for the ten per cent. attorney's fees upon the amount of that particular note. Held, that the variance was fatal and the note properly excluded.

ERROR from Galveston.   Tried below before the Hon. Wm. H. Stewart.

The opinion states the case.

*Scott & Levi* and *McLemore & Campbell*, for plaintiff in error.

*Robert G. Street* and *A. N. Mills*, for defendant in error.

I.  "That the court erred in overruling the motion to quash the writ and proceedings in attachment in the cause" is not "a distinct specification by the plaintiff in error of a ground on which he relies" for reversal.   R. S., art. 1037; Rules of Supreme Court, 23, 24, 25 and 26; Pierson *v.* Flanagan, 52 Tex., 256; Carter *v.* Roland, 53 Tex., 544; Flanagan *v.* Womack, 54 Tex., 45; Green *v.* Dallahan *et al.*, 54 Tex., 285; H. & T. C. R. R. Co. *v.* Shafer, 54 Tex., 641.

II.  The assertion (first proposition of plaintiff in error under first assignment), "the affidavit for attachment does not state that defendants are justly indebted to plaintiff, nor the amount of the demand, as required by law;" and the assertion (second proposition under first assignment), "the petition of plaintiffs, which is made part of the affidavit for attachment, and the said affidavit taken as they are made together, are confused and contradictory in their several statements, in so much that it is impossible to ascertain therefrom what amount of indebtedness is owing by defendants to plaintiff, or for what amount a writ of attachment should issue, and there is no certainty as to what is the amount of the demand for which the writ of attachment is sought;" and the assertion (fourth proposition under first assignment), "the writ of attachment issued herein is not the writ which the bond in attachment was given for, in this, that the said bond is given for the issuance of a writ which will accord with the affidavit and petition, and be for the same amount as the demand sued for and sworn to; and the said writ does not accord with said affidavit and petition, but is for another and wholly different amount from the demand sued for and sworn to,"— are none of them propositions or statements of points under the assignments relied on, but are "merely the assertion or affirmation of a principle or rule of law, or some matter of fact," and are "not the propounding or affirming of some matter or thing done in the court below embraced in the particular assignment of error under which the proposition is made, for which the judgment should be reversed." Supreme Court Rules, 30, 31, 32, 33 and 34; Shanks *v.* Carroll, 50 Tex., 20.

III.  In a suit on a promissory note where the affidavit states that

"the defendant is justly indebted to the plaintiff," and by way of stating the amount of the demand fully describes the note, giving its amount, rate of interest specified, the date from which interest is to be calculated, in short, giving all the data by which the amount of indebtedness at the date of the filing of the suit becomes merely a matter of calculation — a necessary conclusion,— and does not otherwise undertake to state the amount of the demand, there is substantial and sufficient compliance with the provision of our statute regulating attachment proceedings, requiring the plaintiff to make affidavit "stating that defendant is justly indebted to the plaintiff, and the amount of the demand." Marshall *v.* Alley, 25 Tex., 344; Morgan *v.* Johnson, 15 Tex., 568; Drake on Attachments, 107; Kennedy *v.* Morrison, 31 Tex., 207; Sayles' Pr., § 351, and authorities there cited.

IV. There is no confusion or contradiction in the statement of the amount of the indebtedness in the affidavit and petition; none pointed out by the plaintiff in error in his motion to quash, in his petition for new trial, in his assignments of error, or by the propositions made in his brief, and mere surplusage will not vitiate. McMahan *v.* Boardman, 29 Tex., 170; Drake on Attachments, § 107; Sayles' Pr., § 351, and other authorities there cited.

V. That the writ of attachment issued for less than the amount claimed in the petition or set forth in the affidavit is not ground for quashing the attachment on motion of the defendant.

VI. The allegation in the petition (there being no attempt to set out the notes *in hæc verba*, but only to charge them according to their legal effect), that the notes provided for the payment " of attorney's fees at the rate of ten per cent. if suit had to be brought to collect the same," is sustained by the production of notes promising to pay, in addition to principal and interest, " ten per cent. attorney fees, if collected by law."

WILLIE, CHIEF JUSTICE.— This suit was brought below by appellees, Heidenheimer Bros., against the firm of Julius Espey & Co., to recover the amount of four notes described in the petition substantially as follows: One for $1,000, due two months after May 23, 1881, with interest at ten per cent. from that date, also attorney's fees at the rate of ten per cent. if suit had to be brought to collect said note; another dated May 23, 1881, for $1,000, due three months after date, with like rate of interest from its date till paid, and with the same condition as to attorney's fees; another for $1,000, of same date and due four months after date, with like rate of interest

from date, and same condition as to attorney's fees; another for $1,113.31, of same date, due five months after date, with like rate of interest and same condition as to attorney's fees.

It was alleged in the petition that the firm "contracted in said notes to pay ten per cent. on the respective amounts of said respective notes in case suit or suits had to be filed thereon to collect the same, or either of them, in the courts of the country, and in case defendants made default in the payment of either of them, which default has been made in the payment of the first three notes above set out." The petition further alleged that by the making execution and delivery of said notes by defendants in manner and form aforesaid to said plaintiff, they have become and are indebted to plaintiff in the respective sums of money specifically set forth therein, and ten per cent. interest per annum on said respective sums of money from the respective dates of said notes, together with ten per cent. on the respective amounts of said notes as attorney's fees, as above set forth, with the exception of the last note above set out, which is not yet due."

The petition further alleges that plaintiffs below were forced to employ an attorney at law to sue upon the three first notes, on account of the default of Espey & Co. to pay them, and that said attorney's fees were due and unpaid. It also alleges " that the defendants are entitled to a credit of $418.73 on the note first due, being a balance due them on open account."

An attachment was prayed for and an affidavit made for obtaining the issuance of it. This affidavit sets forth that the allegations of the petition are true, and that the defendants are justly indebted to plaintiff in the sum of $3,000 principal, contained in three promissory notes, each for the sum of $1,000, each dated May 23, 1881, one due and payable in two months after date, one due and payable in three months from and after its date, and one due and payable in four months from and after its date, and each bearing interest at ten per cent. per annum from their date until paid, and ten per cent. on each note for attorney's fees in case said notes or either of them had to be sued on to collect the same by law; said first note becoming due is entitled to a credit of $418.73, and said three notes are due and unpaid; and that defendants are further justly indebted to him in the further sum of $1,113.31 and interest contained in their promissory note dated May 23, 1881, due and payable in five months from its date, bearing ten per cent. interest from its date until paid, and stipulating for payment of ten per cent. if suit has to be brought thereon. The affidavit then pro-

ceeds to allege one of the causes for attachment set forth in the statute. Bond having been given, the clerk issued writ of attachment in the form prescribed by law commanding the proper officer to seize property enough to make the sum of $3,694.58 and costs, and property was seized under it to the amount of $3,393.30, which was replevied by defendants by giving bond for its value. The defendants below moved the court to quash the attachment for several reasons, among others because the affidavit did not state the amount of the demand; because the petition and affidavit are confused and contradictory in their several and respective statements, and from them the amount for which the attachment was prayed could not be ascertained, because it could not be ascertained from the petition or affidavit what part of the debt the writ was issued to secure, and because the writ issued for a different amount from that sued for and sworn to, etc.

Defendants pleaded a general denial and other pleas not necessary to recite. Subsequently two of the members of the firm of Espey & Co., Becker and Weete, confessed judgment, which was entered accordingly, and the cause proceeded between appellees and Julius Espey. The motion to quash was overruled by the court, and the parties went to trial. During the trial plaintiff below offered in evidence four notes, to the introduction of which defendants objected, because they were variant from the notes described in the petition, these having been alleged to contain a stipulation and contract to pay ten per cent. on the respective amounts of said respective notes in case suit or suits had to be filed thereon to collect the same, or either of them, in the courts of the country, and in case defendants made default in the payment of either of them, whereas the notes offered in evidence contain no such stipulation or contract. This objection the court overruled and the notes were read, and the defendants excepted. In each note defendants promised to pay appellees the sum of money mentioned in it, at their office in Galveston, with interest from date until paid at the rate of ten per cent. per annum, and ten per cent. attorney's fee if collected by law.

Verdict and judgment were for plaintiffs for $4,462.81, and against the sureties on the replevy bond for the value of the property seized under the attachment. A motion for a new trial having been overruled, an appeal was taken by Espey, and a writ of error sued out by the sureties on the replevy bond. The only assigned errors which it is necessary to notice are, the first, relating to the refusal of the court to quash the attachment; and the third, relating to the admission of the notes in evidence.

As to the first: from the allegations of the petition, taken in connection with the statements of the affidavit, the inference is that the indebtedness for which the attachment was sued out, was the principal due upon four promissory notes, and interest thereon, less a credit of $413.30 to be placed on the first note, and ten per cent. attorney's fees on the matured notes, leaving it doubtful as to whether or not these fees were claimed on the note not due. Two elements of uncertainty enter into this statement of the amount of the indebtedness: one arises from the want of any averment as to the time when the credit occurred; the other as to the gross amount of attorney's fees claimed.

Admitting that by stating the amount of principal, and the rate per cent. of interest upon each, together with the length of time for which this is to be calculated, enough is known from which to estimate an indebtedness when there are no credits to be deducted, is such an indebtedness alleged with sufficient certainty when a credit is admitted, but the time when it accrued is not stated? When a note is running upon interest, and a payment is made upon it, the amount due upon such note at any given time depends upon the date when the payment was made. For instance, the amount due upon these notes, if the credit of $418.62 is allowed at the date of the first one, is some $15 less than if the credit is allowed as of the time of bringing suit. It may be urged that the presumption of law, in case of a failure to allege the date of the payment, would be that it occurred on the day of the execution of the note. This may be so, but in affidavits for attachment we can indulge in no presumptions. It is a stringent proceeding, and a strict compliance with the statute that permits the process to be used, must in all cases be exacted. The first requisite of the statute is, that the affidavit must state that the defendant is justly indebted to the plaintiff, and the *amount* of the demand. R. S., art. 132. Is that amount stated when we are compelled to go outside of the affidavit, and not only calculate the interest upon notes sued on, but conjecture or presume that payments on them were made at certain times, when there is no allegation to that effect in the affidavit?

In the case of Morgan *v.* Johnson, 15 Tex., 568, this court sustained an affidavit which stated that the defendant was indebted to the plaintiff in the several "sums of money mentioned" in the petition. The case is not reported in such way as to inform us how these sums were stated in the petition, but from the language of the court in deciding the cause we must conclude that the several sums due were "expressly and definitely" stated. The only ques-

tion in the matter seemed to be, whether or not it was necessary to repeat such *express and definite* allegations in the affidavit. This case is then authority to the point only that a statement of several definite sums as the indebtedness is sufficient without adding them up.

In Wright *v.* Ragland, 18 Tex., 289, it was held that an affidavit to the effect that the defendant was justly indebted to the plaintiffs in a certain sum besides interest, was sufficient, because the interest could be easily ascertained, being a mere matter of calculation. This is as far as any of our decisions have gone to sustain such affidavits, when the exact amount due at the time of suing out the attachment has not been stated in the affidavit, and in view of subsequent decisions we feel no disposition to relax the rule any further.

In the subsequent case of Marshall *v.* Alley, 25 Tex., 342, where the affidavit stated that the defendant was justly indebted in the sum of $2,000, and set out a note made by defendant to plaintiff, and gave its date, when due, amount for which it was given, and rate of interest, together with the date and amounts of two payments made upon it, the court held that the attachment was rightly dissolved.

The reasons given for the decision apply much more strongly to the present case. The court said that the amount of indebtedness " could be arrived at only by calculation founded upon statements of the petition of the amount of the note sued on and the payments and credits to which it is entitled." There the dates of the payments were alleged; here we have to resort to a presumption to arrive at the one to be made on the note first due. A literal adherence to the statute was exacted there as being just as easy as a virtual compliance, and we feel disposed to hold the parties suing out the writ in this cause to a strict following of the terms of the attachment law, or a far more substantial one than the pleadings and affidavit show.

The averment required as to the amount of the indebtedness is just as important as any other in the affidavit. Drake on Attachments, § 95. There would be no hesitancy in holding void an affidavit that set forth facts from which the law presumes that a person is a non-resident, or has fraudulently disposed of his property, or any other cause of attachment, inferentially instead of directly stated. The clerk who issues the attachment must state the amount in the writ, and in order to do so must not be compelled to resort to presumptions of law with which he is not always acquainted. In this case the attachment was issued for $3,694.58, which was arrived at

by adding together the several sums of the principal due on the notes, and deducting therefrom the amount of payment. This was not the sum sued for, nor the amount of indebtedness alleged, but at least $450 less than that amount. As to the attorney's fees, the petition and affidavit leave it very doubtful as to the sum claimed for them; whether ten per cent. upon the amount of principal, or of principal and interest added, and whether or not this was to be calculated upon all four of the notes, or upon three of them only. With all these matters left in such a state of uncertainty, an attachment could not be sustained, and the writ should have been quashed by the court below.

As to the question of variance, the plaintiff's pleadings alleged that the defendants contracted in said notes to pay ten per cent. on the respective amounts of said respective notes, as attorney's fees, in case suit or suits had to be brought thereon to collect the same, or either of them, and in case defendants made default in the payment of either of them. If this were the reading of the notes, then in default of the payment of one of them, the attorney's fees became due upon all. When the notes are produced in evidence, each one is found to provide for the payment of the attorney's fees upon the amount collected by law upon that particular note. According to the allegation, if suit had to be brought on either note, plaintiff became immediately entitled to an additional ten per cent. on all the others, as well as on the note sued on. According to the reading of the notes offered in evidence, he was entitled to recover this per cent. only upon the note upon which he was forced to bring suit. This was a fatal variance, and the note should not have been admitted in evidence under the pleadings.

The judgment below must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 9, 1883.]