[Approved.]

---

# EVANS ET AL. v. W. S. TUCKER.

## SUPREME COURT, AUSTIN TERM 1883.

*Attachment—Essentials of Affidavit.*—Where the affidavit upon which an attachment is based does not allege that the defendant is *justly* indebted to the plaintiff, a motion to quash would be well taken.

*Same—Variance.*—Where the petition shows one amount due and another to fall due, and the affidavit shows that none of the debt has yet matured, the attachment should be abated for variance.

Appeal from Wise county. Opinion by Willie, C. J.

The assignments of error in this cause bring in question the action of the court in quashing the attachment sued out by appellants. The motion to quash contained two grounds:

1. The affidavit upon which the attachment was based, did not allege that the defendant was *justly* indebted to the plaintiff.

2. The affidavit alleged that the entire debt would fall due on November 22, 1881, whereas the petition shows a part then due, and the balance to become due November 22, 1881.

Our attachment law requires that before the writ shall issue, the plaintiff, his agent or attorney, shall make oath that the defendant is *justly* indebted to the plaintiff, and the amount of his demand. It has been frequently held by this court that to obtain the benefits of the writ, the party applying for it must comply strictly with the requirements of the law. Gregg v. York, Dallam's Dig., 528; Wooster v. McGee, 1 Tex., 17; Caldwell v. Holey, 3 Tex., 317, 321; Espey v. Heidenheimer, decided lately at Galveston. The statute is not literally or even substantially complied with when important words required to be contained in the affidavit are omitted. It is to be presumed that all such words are required by the law for some good purpose, or at least it is not for us to say that they are not. There might be an indebtedness which the creditor would not be willing to swear was just, such as a collusive claim gotten up be-

tween the creditor and debtor for the purpose of obtaining an attachment, and thereby getting a preference over other creditors, and other instances might be given. The object of the statute was, doubtless, to have the attachment issued upon a *bona fide* indebtedness. At any rate, the act requires the use of the word *justly*, and we have no authority to dispense with it. The farthest a court could go would be to allow the use of a synonymous or equivalent term.

The case of Livergood v. Shaw, 10 Missouri, 273, is cited as holding the contrary doctrine. The attachment law of that State is much less stringent than our own, and is more liberally construed in favor of the creditor. Besides the indebtedness sued on is required to be so well described in the affidavit, that if such description is given it amounts to an allegation of a just indebtedness. Drake on Attachments, pp. 672-673, and Livergood v. Shaw, *supra*. We prefer the rule in Maryland, where the statute uses the words *bona fide*, instead of the word justly, and the omission of these words is held to vitiate the writ. (Thompson v. Towson, 1 H. and McH., 504.)

The second ground for questioning the attachment was also well taken.

The law requires the filing of a petition before the attachment can issue. This petition shows that the plaintiff has a cause of action upon which an attachment may issue. But he cannot sue upon one cause of action and obtain the attachment upon another. The amount of his demand, and whether due or not due, and how much has and how much has not matured, must appear by the pleadings, and oath of the plaintiff or his attachment is not good. (Marshall v. Alley, 55 Tex.; Cox v. Reinhardt, 41 Tex.; Espey v. Heidenheimer, *supra.*)

Here the petition shows one amount due and another to fall due, and the affidavit shows that none of the debt has yet matured.

A material variance between the affidavit and the petition is sufficient to vitiate the attachment. (Wright v. Snedun, 46 Ala., 92.)

In that state when a plea of abandonment is used instead of a motion to dissolve (Lowry v. Stowe, 7 Porter, 483,) it is held that an attachment will be abated upon such plea for a variance of the character mentioned. (Roberts v.

Burke, 6 Ala., 348.) And we think that the same rule should obtain in our own courts.

There is no error in the judgment, and it is affirmed.