E. C. STIRMAN v. F. M. TURNER.

(No. 6715.)

APPEAL from Lamar County. Opinion by WILLSON, J.

WOOLDRIDGE & FAGAN, counsel for appellant.

No counsel appeared for appellee.

§ 140. *Minors; illegal restraint of; habeas corpus; jurisdiction of county court to issue writ of.* Appellant applied to and obtained from the county judge of Lamar county the writ of *habeas corpus* for his minor child, five years old, who, he alleged, was illegally restrained of his liberty by the appellee. Upon a hearing of the writ, the proceeding was dismissed because, in the opinion of the county judge, he was without jurisdiction to issue said writ. We are of the opinion that the judge erred in dismissing the proceeding. County courts, or the judges thereof, are empowered to issue the writ of *habeas corpus* in cases when the offense charged is within the jurisdiction of the county court, etc. [Const., art. 5, § 16.] They have such power in all cases in which the constitution has not conferred the power on the district courts, or the judges thereof. [Code Crim. Proc., arts. 74, 135.] In a case like the one before us, the constitution has not conferred the power to issue the writ upon the district courts or the judges thereof. [Const.,

art. 5, § 8.] Even if the power to issue the writ must be limited to cases in which that process is necessary to enforce the jurisdiction of the court, we think this case would come within the scope of such power. County courts have general jurisdiction over the persons and estates of minors, and the father is the natural guardian of his minor child, and has the right, we think, to invoke by *habeas corpus* the enforcement of his authority as such guardian by the county court, or a judge thereof, when the minor is held in custody by a person not entitled to the guardianship of his person. [Sayles' Civil St., arts. 2469, 2494.] The judgment dismissing the *habeas corpus* is reversed, and the cause is remanded for a hearing upon said writ, and the costs of this appeal are adjudged against the appellee.

June 18, 1890.    .    Reversed and remanded.