Delivered January 23, 1891.

--------

## Munzenheimer & Klein v. Manhattan Cloak and Suit Company.

### No. 6747.

1. **Affidavit for Attachment—Case Adhered to.**—Willis v. Mooring, 63 Texas, 340, adhered to, in holding that it was not fatal to an affidavit for attachment upon a debt not due that it did not state when the debt would become due.

2. **Same — Identifying the Suit.** — In an affidavit for an attachment the names of the parties were stated as in the petition. It was filed by the same clerk at same date, and endorsed with same file number as the petition. *Held*, that objection that the affidavit did not identify the cause is not well taken.

3. **Attachment Bond by a Firm.**—An attachment bond gave the names of the persons composing the plaintiff firm, and was "conditioned that the above bound Manhattan Cloak and Suit Company, plaintiffs in attachment against Munzenheimer & Klein, will prosecute," etc. The bond was not defective because the names of the persons composing the plaintiff firm were not set out in the latter part of the bond. The bond bound every member of the firm.

4. **Writ of Attachment Should State Amount of Debt.**—That the clerk issuing a writ of attachment failed to insert the amount of the plaintiff's demand is sufficient ground to set aside or quash writ if objected to.

5. **Amendment of Writ of Attachment.**—It seems that the writ of attachment could be amended by inserting the amount of the plaintiff's demand when omitted from oversight by the clerk.

6. **Same—Effect of Such Amendment.**—It seems such amendment would limit the attachment lien to its date, and where the property remained in the hands of the officer making the seizure under other writs the amended writ would take effect from the time it was so amended.

Error from Lamar. Tried below before Hon. H. O. Head.

The opinion gives a statement.

*H. D. McDonald*, for plaintiffs in error.—1. The court erred in overruling the motion to quash the writ of attachment.

(1) The petition alleges that plaintiff's debt is not due but will become due on January 1, 1888; and the affidavit for attachment, which is on a separate piece of paper from the petition and wholly disconnected

therewith, does not state whether said debt is due or not, nor when it will become due, and said affidavit does not in any manner refer to said petition, and said petition is not sworn to.   Gray v. Steedman, 63 Texas, 95; Barber v. Smith, 41 Mich., 138; Rohrbough v. Leopold, 68 Texas, 254.

(2)   The affidavit therefore does not identify the cause in which it was filed and does not show who are the plaintiffs therein.

(3)   The bond is insufficient in this, that while the individuals alleged to compose the firm of Manhattan Cloak and Suit Company bind themselves in the obligatory part of said bond, yet in the condition thereof said firm alone binds itself and not the individuals composing the same.

(4)   The writ of attachment issued therein is insufficient, null, and void for the reasons that no amount or sum of money whatever is therein required to be made by attaching the property of the defendants, nor is any amount whatever therein in any manner mentioned.

2.   The court erred in permitting the amendment of the writ of attachment by the insertion therein by the clerk of a given amount or sum of money, because said writ was null and void and not amendable.   Waples on Att., 139, 141.

*Dudley & Moore,* for defendant in error.— 1. In an attachment proceeding upon a demand not due, if the petition alleges that the same is not due and when it will become due, it is not necessary that the affidavit for the attachment should contain the same averments.   Willis v. Mooring, 63 Texas, 340; Whitmore v. Wilson, 1 Posey's U. C., 213.

2.   The bond is not defective.   Gray v. Steedman, 63 Texas, 95.

3.   The clerical omission or misprision of the clerk in failing to insert the amount of plaintiff's demand in the writ of attachment did not render the writ null and void, but such omission was amendable; the power to grant leave to amend when not forbidden by law is a discretionary power, the exercise of which will not be revised by appellate court.   Austin v. Jordan, 5 Texas, 130; Porter v. Miller, 7 Texas, 482; Cartwright v. Chabert, 3 Texas, 261; Wood v. Smith, 11 Texas, 367; Whittenberg v. Lloyd, 49 Texas, 633; May v. Ferrill, 22 Texas, 340.

STAYTON, CHIEF JUSTICE.—On September 17, 1887, appellee brought this action to recover a debt which the petition alleged would become due on January 1, 1888; and to procure writ of attachment affidavit was made to which no objection was made except that it was claimed to be defective because it did not state when the debt would become due.

A motion to quash the attachment on that ground was made, which the court overruled.   In this there was no error.   Willis v. Mooring, 63 Texas, 340.

It is further urged that the attachment should have been quashed on the ground that the affidavit did not identify the cause in which it was filed.

The affidavit showed that it was made in the case of the "Manhattan Cloak and Suit Company v. Munzenheimer & Klein," and was sworn to by a person stating that he was "agent and attorney for plaintiff."

The affidavit was filed on the same day as the petition and attachment bond, in the same court, and the file shows the correct number of the cause.

The motion stated that the affidavit was on a paper separate from the petition, but the bill of exceptions does not show that this was true.

That the affidavit was filed in this cause is shown with all reasonable certainty, whether written on the same paper as the petition or not.

The attachment bond gave the names of the persons comprising the plaintiff firm, and was conditioned "that the above bound Manhattan Cloak and Suit Company, plaintiff in attachment against the said Munzenheimer & Klein, will prosecute," etc., and it is claimed that the bond was insufficient because the names of all the persons comprising the plaintiff firm were not set out in full in the latter part of the bond. This was not necessary, for the bond bound every person who was a member of the plaintiff firm.

The clerk in issuing the writ of attachment failed to fill up a blank left wherein to state the sum to secure which a levy was directed, and on motion the court permitted the writ to be amended in this respect after it had been levied on property already levied upon in other cases by the same officer.

It is now urged that the court erred in permitting the amendment and in not abating the writ because it did not state the sum for which the levy was to be made.

The statute directs that the writ shall "command him (the officer to whom directed) to attach so much of the property of the defendant as shall be sufficient to satisfy the demand of the plaintiff and the probable costs of the suit;" and the form given provides for the insertion of a command to attach so much of the property of the defendant as shall be of value sufficient to make the sum of —— dollars (sum claimed) and the probable costs of suit.

This is evidently required in order that the officer who is to execute the writ may know from it how much property he is required to seize, and without this information he may do injustice to a plaintiff by seizing less property than will pay the debt, or he may do injustice to defendant by an excessive levy.

The officer to whom the writ is directed may ascertain from the same source as does the officer who issues the writ the amount of the demand, but the statutes do not seem to contemplate that he shall seek such information outside of the writ.

No officer ought to assume the responsibility of executing a writ of attachment which does not give him this information, and it may be that

a levy under such a writ ought generally to be held inoperative, at least as to third persons.

Under the liberal rules as to amendment, even of writs of attachment, which have prevailed in this State, we are of opinion, however, that the court did not err, under the facts of this case, in permitting the writ to be amended as it was; and it may be that the levy should be given effect only from the time the writ was amended.

When the officer levied the writ in this case there was no interference with the possession of the property, which was in his hands as sheriff by reason of levies of other writs, and no injury could result to appellants from the amendment.

The writ was valid at least from the time it was amended, and as the property was in the possession of the sheriff rightfully, without reference to the writ sued out by appellee, we see no good reason why that possession, recognized by the sheriff as under the writ in question, should not be recognized as a valid levy from the time the writ was amended as against all persons.

We find no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered January 23, 1891.