## MRS. JENNIE TEAGUE v. J. H. LINDSEY.

### Decided January 7, 1903.

**1.—Attachment—Affidavit—Debt.**

In a suit on a note, an affidavit for attachment which correctly states the amount of the debt due need not state that it was due on the note sued on nor show what payments thereon had reduced it to the amount claimed.

**2.—Community Property—Attachment—Abandoned Wife.**

An answer by the wife to a suit upon a note given by the husband, with attachment of community property, which alleges abandonment of her by the husband and appropriation by him of the larger part of their common property, and seeks to have the attached real estate decreed to her free from the attachment lien, disclosed no defense and was subject to demurrer, being, in effect, an attempt to procure a partition of the community property, with which plaintiff had no concern.

Appeal from the District Court of San Saba. Tried below before Hon. M. D. Slator.

*James Boyd,* for appellant.

*Rector & Brown,* for appellee.

KEY, ASSOCIATE JUSTICE.—The nature and result of this case are thus stated in appellant's brief: "This suit was instituted by the appellee, J. H. Lindsey, in the District Court of San Saba County, Texas, on the 16th of July, 1901, against J. B. Teague and his wife, Jennie Teague.

"The petition alleges that J. B. Teague resides in the Indian Territory, and that his wife, Jennie Teague, resides in San Saba County, Texas.

"J. B. Teague on the 1st day of November, 1899, made his certain promissory note in the sum of $5207.47, with 10 per cent interest thereon from date, and due on the 1st of November, 1900; and alleges that at the time the note was executed J. B. Teague and Jennie Teague were husband and wife, living together as such. That said note was delivered by J. B. Teague to appellee J. H. Lindsey; and alleges that default was made on said note when due, and that the sum due at the institution of the suit was $1812.80, making an affidavit for attachment on 300 acres of land owned by J. B. Teague in San Saba County, Texas, and praying that the 300 acres of land of J. B. Teague be subjected to the writ of attachment, subject to the homestead rights of Mrs. (J. B. Teague) Jennie Teague.

"That J. B. Teague be served with citation by publication and Mrs. Jennie Teague be personally cited, praying that his attachment lien be foreclosed on the land attached.

"The defendant, J. B. Teague, having failed to answer, A. B. Wilson, Esq., was appointed by the court to represent the said J. B. Teague.

"The appellant Jennie Teague answered by general denial, and an-

swered specially and by cross-action against appellee and J. B. Teague, alleging that she and J. B. Teague were married in Montague County, Texas, in 1880, and lived together as husband and wife until the 1st of April, 1899, when he abandoned her with the intention of permanently abandoning her, and that they had seven children, aged from three to nineteen years, and took up his residence in the Indian Territory, and has so remained there up to the filing of her answer in this suit, and without contributing towards the support of this appellant and her children, who are living with and supported by her. And that at the time of their marriage, in 1880, neither had separate property. That by their joint labor they had acquired, up to April, 1899, as community property, lands, cattle and other stock. They had as their homestead 300 acres of land and 320 acres of land in a survey some two miles from their home, known as the Cottonwood Pond place.

"That J. B. Teague, when he abandoned the appellant, drove away 100 head of gentle home cattle, of the value of $1800, and 182 head of mixed cattle, with a herd owned by appellee and J. H. Lindsey, of the value of $3367, to the Indian Territory, and disposed of the same for his personal benefit. And that, by virtue of the abandonment of appellant by J. B. Teague without cause, he severed the marital partnership existing between them. That said J. B. Teague took away community property of value in excess of what remained, including the land, and that she, the abandoned wife, had a legal right to protect the community property left in Texas from any debts contracted by J. B. Teague after his abandonment of her, alleging that the debt of $5207.47 was contracted between J. B. Teague and the appellee J. H. Lindsey, in the Indian Territory, in November, 1899, eight months after said abandonment, all of which was well known to appellee at the time said indebtedness was incurred. And that on the 25th day of May, 1901, the said J. B. Teague conveyed to appellee J. H. Lindsey, in part payment of said debt of $5207.47, the 320 acres of land in San Saba County, Texas, for the sum of $960, one year, six months and six days after the debt had been contracted, and two years, one month and twenty-four days after the abandonment of this appellant by J. B. Teague, and without being joined in said deed of conveyance by this appellant.

"That the amount of the community property carried away by J. B. Teague, and beyond the jurisdiction of the State of Texas, amounted to the sum of $5367.50, as against the value of the community property left in Texas, amounting to the sum of $2120, including the 320 acres of land conveyed to appellee on the 25th of May, 1901.

"Appellant in her answer set up a cross-action against J. B. Teague alleging that she, as survivor of the community estate of herself and J. B. Teague, who has continuously remained absent from this appellant and their children, as well as from the State of Texas, since the 1st day of April, 1899, and that by reason of the fact that J. B. Teague carried away from the appellant more than one-half of the community property in San Saba County, Texas and beyond the control of appel-

lant and out of the State of Texas, that she have a judgment divesting the title of the real estate situated in San Saba County, Texas, being the community property between her and J. B. Teague, and investing the title to the same in appellant. And that the same or any part thereof be declared free from any and all debts or judgments incurred by J. B. Teague, contracted by him from and after the 1st of April, 1899, the time he abandoned appellant and the State of Texas, and praying for a judgment quieting her title to the same.

"Also filed a cross-action against J. H. Lindsey praying that on trial of the cause that by virtue of the fact that she is in law a feme sole, that she has a legal right to control the community. That she does not owe appellee any money; that the writ of attachment was wrongfully sued out and levied on 100 acres of the community property, and that said attachment be denied, and that in case appellee obtained a judgment against J. B. Teague in any amount, that the judgment be against J. B. Teague personally and not be a lien on any of the community property of appellant situated in San Saba County, Texas. And that she recover of and from appellee the 320 acres of land described in her answer, and that in case appellee had parted with the title to the 320 acres, then that she have a judgment for the value of the same.

"The court refused to sustain appellant's exception to the sufficiency of the attachment and affidavit therefor, and overruled the same, to which appellant by her attorney then and there excepted, which exception is incorporated in the judgment, and the court sustained appellee's exceptions to appellant's amended answer and cross-bill, except the general denial, and struck out all of appellant's special answer, and the appellant refusing to amend, excepted to the ruling of the court and gave notice of appeal to the Court of Civil Appeals of the Third Supreme Judicial District of the State of Texas, at Austin, all of which is incorporated in the judgment.

"A. B. Wilson, Esq., the attorney appointed by the court to represent J. B. Teague, demurred to the appellee's original petition, which was sustained. The appellee then filed an amended petition, and on a trial recovered a judgment against J. B. Teague for the sum of $1890.80 and costs and against appellant for the costs incurred by her in the suit. No appeal was taken by J. B. Teague."

It is proper to add the further statement that the attachment lien was foreclosed on so much of the 300 acres of land as was not claimed by Mrs. Teague as her homestead.

*Opinion.*—The first assignment is addressed to the action of the court in overruling the motion to quash the writ of attachment. The ruling complained of was correct. The affidavit upon which the attachment issued specifically and correctly stated the amount of the debt, and it was not necessary that it should state that the debt was due upon the note described in the plaintiff's petition, and that payments had been made thereon reducing the debt to the amount specified.

The other assignment complains of the action of the court in sustaining exceptions to all of Mrs. Teague's answer except the general denial. We also hold that that ruling was correct. The facts alleged in the answer do not show that title to the property upon which the attachment was levied had been divested out of the community estate of Mr. and Mrs. Teague, and become the property of the latter; and therefore it was subject to seizure for community debts. Nor do the averments in the answer show that the debt in question was a simulated or fraudulent claim, or other than a bona fide obligation.

The cross-action set up was an attempt in an action of debt to procure a partition of community property between the defendants, a matter with which the plaintiff had no concern, and which, over his objection, the defendants had no right to litigate in this suit.

The judgment of the District Court is correct, and it will be affirmed.

*Affirmed.*