## INTERSTATE AMUSEMENT CO. v. FRED FISHER, Inc. (No. 1101.)

(Court of Civil Appeals of Texas. Beaumont. April 21, 1924. Rehearing Denied May 7, 1924.)

1. **Appeal and error** ⚖⇒223—**Judgment against garnishee before judgment rendered against defendant is fundamental error.**

Under Rev. St. art. 282, a judgment by default, rendered against garnishee before judgment has been rendered against defendant in main suit, will be reversed on appeal as fundamental error.

2. **Garnishment** ⚖⇒87—**Affidavit held insufficient.**

Where application for writ was signed by "Byers & Cavanagh, Attorneys for Plaintiff," affidavit made by "Geo. A. Byers," without further description as agent or attorney for plaintiff, was insufficient to authorize issuance of writ.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Suit by Fred Fisher, Inc., against George McKay, with the Interstate Amusement Company as garnishee. From default judgment entered against it, the garnishee brings error. Reversed and remanded.

Flippen & Miller, of Dallas, for plaintiff in error.

Byers & Cavanagh, of Houston, for defendant in error.

HIGHTOWER, C. J. This is a garnishment proceeding, ancillary to a suit filed by defendant in error against one George McKay, in the county court at law No. 2 of Harris county.

In the main suit defendant in error here sued McKay on two notes for the aggregate principal amount of $625 as well as for the accrued interest. Later defendant in error applied for a writ of garnishment against plaintiff in error here, and the writ was issued and served. Plaintiff in error failed to appear and made no answer to the writ, and judgment by default was rendered and entered against it on April 7, 1922, in favor of defendant in error for $689.60, with interest from date of the judgment at the regular rate. Thereafter plaintiff in error moved to set the judgment aside for reasons stated in the motion, which motion was overruled, and this writ of error was duly prosecuted upon supersedeas bond.

No statement of facts accompanies the rec-

---

ord, and no formal assignments of error were filed, but plaintiff in error advances in its brief a number of propositions as showing fundamental error. Defendant in error has filed no brief nor any argument disputing plaintiff in error's assertion of fundamental error.

It is not necessary to consider all the propositions advanced by plaintiff in error, and the disposition of two of them will suffice to dispose of this appeal.

The record affirmatively shows that the judgment by default against plaintiff in error as garnishee was rendered on April 7, 1922, at which time there had been no trial of the main suit, and, consequently, no judgment in favor of defendant in error against McKay in that suit. The trial of the main suit of defendant in error against McKay was not had until June 30, 1922, and judgment in that suit was rendered on that day for defendant in error against McKay for $689.60, with interest from the date of the judgment at the regular rate.

[1] Under article 282, Revised Statutes of this state, providing for judgment against a garnishee, no judgment can be rendered against a garnishee until judgment has first been rendered against the defendant in the main suit. It has been held in this state that "a judgment against the garnishee, when there has been no judgment against the defendant in the suit to which the garnishment is ancillary, is void." Shoemaker v. Pace (Tex.. Civ. App.) 41 S. W. 498. That such a judgment by default is erroneous and will be reversed on appeal there can be no doubt. Gerlach, etc., v. Hughes (Tex. Civ. App.) 189 S. W. 784; First National Bank of Marshall v. Alexander (Tex. Civ. App.) 236 S. W. 229. Many authorities in this state could be cited on this point.

It being made clearly to appear upon the face of the record in this case that at the time the judgment here complained of by plaintiff in error was rendered against it as garnishee there had been no judgment against the defendant in the main suit, there can be no doubt that the action of the court in that regard was fundamental error, for which the judgment must be reversed.

[2] It also affirmatively appears from the record that the affidavit for the writ of garnishment in this case was not verified, as required by law. The application for the writ appears to have been signed by "Byers & Cavanagh, Attorneys for Plaintiff." The affidavit appears to have been made by "Geo. A. Byers." George A. Byers is nowhere described or designated in the affidavit as either the agent or attorney for the plaintiff. In the case of Willis v. Lyman, 22 Tex. 269, our Supreme Court, speaking to the insufficiency of an affidavit in garnishment, said:

"The petition, in the present case, is signed by 'Fly and Fly, Attorneys for Plaintiffs,' and the affidavit is made by B. F. Fly, who does not, in the affidavit, describe himself as either the agent or the attorney of the plaintiffs. The court cannot know that the person who makes the affidavit, is one of the persons who signed the petition as attorneys for the plaintiff; nor will the court look to the records, in the original suit, to find information which ought to be contained in the affidavit itself."

In the case of Cherryhomes v. Carter, 66 Tex. 167, 18 S. W. 444, the court said:

"When an affidavit is made, in the course of a judicial proceeding, by one person in behalf of another, his authority to do so should be made to appear in some way from the record, or it will not serve in the place of the oath of the proper party."

In Hook et al. v. Payne (Tex. Civ. App.) 185 S. W. 1014, the insufficiency of the verification of a petition for an injunction was the question. In disposing of the matter the court said:

"We deem it unnecessary to state more fully the allegations of the petition because we conclude that the same is not verified as required by statute, and for that reason the court erred in granting the same. The petition is signed, 'Pope & Sutherland, Attorneys for Plaintiff.' The affidavit was made by H. R. Sutherland, who does not, in such affidavit, describe himself as either the agent or attorney of the plaintiffs."

The court there cites with approval Willis v. Lyman, supra, and Cherryhomes v. Carter, supra.

Under the authorities just cited, the affidavit for the writ of garnishment in this suit was not sufficient and did not authorize the issuance of the writ, and judgment by default against plaintiff in error, based upon that writ, was clearly erroneous, and must be reversed on appeal whether the judgment was void upon that ground or not. This will suffice to dispose of the appeal, and it follows that the judgment must be reversed and the cause remanded, and it has been so ordered.