**BUTLER et al. v. NAIL et al.**
**No. 745.**

Court of Civil Appeals of Texas. Eastland.
Nov. 14, 1930.

Rehearing Denied March 13, 1931.

Jas. G. Harrell, of Breckenridge, F. L. Kuykendall and A. M. Howsley, both of Albany, and Murchison & Davis, of Haskell, for appellants.

Thomas L. Blanton and Matthews Blanton, both of Abilene, for appellees.

FUNDERBURK, J.

Plaintiffs' first amended original petition in this case named as plaintiffs W. R. Nail, John H. Sedwick, John F. Sedwick, W. G. Webb, W. Graham Webb, Jr., Thos. L. Blanton, Jr., Hugh Sherwood, Watt R. Matthews, and General Neon Sales Company of Texas, and recited that G. C. Butler, who had originally been named as one of the plaintiffs, was improperly joined as a party plaintiff, but should be a defendant, and thereupon named G. C. Butler and other parties as defendants. A part of the recovery sought in said pleading was the sum of $9,750, consisting of $1,625 paid by each of said plaintiffs W. R. Nail, John H. Sedwick, John F. Sedwick, W. G. Webb, W. Graham Webb, Jr., and Thos. L. Blanton, Jr., to certain of the defendants, and the recovery of which was sought on the ground of fraud. Certain of the plaintiffs sued out a writ of attachment. The affidavit for attachment, after giving the style and number of the suit and naming the court in which pending, reads: "Before me, the undersigned authority, on this day personally appeared W. R. Nail, John Horace Sedwick, W. G. Webb, John F. Sedwick and W. Graham Webb, Jr., plaintiffs in attachment in the above styled and numbered cause," etc. The affidavit further states: "That G. C. Butler, one of the defendants, is justly indebted to the plaintiffs in the sum of Ninety Seven Hundred Fifty and no/100 Dollars," and, "that the said defendant, G. C. Butler, is about to dispose of his property with intent to defraud his creditors," and "that the debt due the plaintiffs in the above cause No. 1254 is due for property obtained under false pretenses." The affidavit is subscribed and sworn to by W. G. Webb, John F. Sedwick, W. R. Nail, John Horace Sedwick, and W. Graham Webb, Jr. On the same sheet with said affidavit was the bond in attachment, giving the same style and number of the suit and reciting as principals the names of those signing the affidavit, with the addition of Thos. L. Blanton, Jr. The bond is signed by all said parties, the name of Thos. L. Blanton, Jr., being signed by Thos. L. Blanton. Thereafter, all proceedings in reference to the attachment were as if Thos. L. Blanton, Jr., had joined with the others in the affidavit for attachment. The defendant G. C. Butler replevied the property attached and Chas. R. Compton and Henry Compton were sureties on the replevy bond. The Comptons filed a plea of intervention in the suit and moved the court to quash the attachment proceedings because of a variance between the petition of the plaintiffs (first amended original petition being the one on file at the time the affidavit

was made) and the affidavit for attachment. The variance claimed was that the petition sought recovery in favor of the six plaintiffs hereinbefore named, of the sum of $9,750, and the affidavit alleged that that amount was due to the five plaintiffs making the affidavit for attachment. Another ground alleged was that the affidavit for attachment set up two distinct statutory grounds inconsistent with each other, namely: (1) That said G. C. Butler was about to dispose of his property for the purpose of defrauding his creditors, and (2) that the debt sued for was due for property obtained under false pretenses. The court overruled the motion to quash and the interveners took a bill of exceptions showing the foregoing facts.

The case was tried upon plaintiffs' third amended original petition, which named as plaintiffs W. R. Nail, John H. Sedwick, John F. Sedwick, W. G. Webb, W. Graham Webb, Jr., Thos. L. Blanton, Jr., and the General Neon Sales Company of Texas, and contained the same claim for recovery of $9,750 in favor of the first named six plaintiffs upon the theory that each had paid $1,625, which payment had been induced by fraud. The court gave judgment for plaintiffs against certain defendants, including the defendant G. C. Butler, for said sum of $9,750, and also gave judgment in the same amount in favor of plaintiffs against the said Henry and Chas. R. Compton, the sureties on the replevy bond of G. C. Butler. From said judgment the defendant G. C. Butler and the interveners Henry and Chas. R. Compton have appealed.

The appellant G. C. Butler, although having filed a brief, has presented no propositions contending that the judgment is erroneous, save and except such questions as are presented by appellants Henry and Chas. R. Compton. Such errors, if they exist, injuriously affect only the said Comptons and not Butler. The judgment of the trial court as against Butler and the other defendants will therefore be affirmed.

■ Appellants Henry and Chas. R. Compton urge two propositions for the reversal of the judgment as to them. One contention is that the court erred in refusing to quash the attachment proceedings, in response to their motion, on the ground that the affidavit for attachment set forth two different statutory grounds inconsistent with each other. This proposition we overrule. There is no inconsistency in a declaration that "defendant G. C. Butler is about to dispose of his property with intent to defraud his creditors," and the further declaration that "the debt due the plaintiffs in the above cause No. 1254 is due for property obtained under false pretenses." Both grounds being consistent, the affidavit, so far as that point was concerned, was sufficient to support the writ of attachment. McKay v. Elder (Tex. Civ. App.) 92 S. W. 268; Dunnembaum v. Schram, 59 Tex. 281; Wol-

dert v. Nedderhut, etc., Co., 18 Tex. Civ. App. 602, 46 S. W. 378.

The proposition asserting that there was a fatal variance between the affidavit and the plaintiffs' petition, we think, must be sustained. The petition on file at the time the affidavit was made asserted definite claim for recovery of the sum of $9,750 in behalf of six of the plaintiffs, the allegation showing that each of said plaintiffs had an individual interest in the total to the extent of $1,625. The affidavit was signed and sworn to by five only of the plaintiffs: the plaintiffs Thos. L. Blanton, Jr., Hugh Sherwood, Watt R. Matthews, and General Neon Sales Company of Texas not joining therein. None of the five plaintiffs signing the affidavit purported to sign as either agent or attorney for any one else. The plaintiffs signing the affidavit designated themselves "plaintiffs in attachment in the above styled and numbered cause." The affidavit, however, in stating the "amount of the demand," stated same to be $9,750.

In its final analysis the real question presented is: Does the statute (R. S. art. 275), in requiring that the affidavit state "the amount of the demand," mean the amount claimed by all the plaintiffs, regardless of how many join in making the affidavit; or, does it mean the amount of the demand of those plaintiffs (when less than all) making the affidavit?

■ A few principles well settled by the decisions will materially aid in arriving at the proper conclusion. A joinder of all plaintiffs in procuring an attachment certainly is not a prerequisite for any of them doing so. An affidavit for attachment must be made and signed by each plaintiff who claims the benefit of the attachment. The signing must be by each plaintiff personally, or by his agent or attorney. R. S. 1925, arts. 275 and 23. When signed by an agent or attorney, the affiant must be described or designated as such in the affidavit. Cherryhomes v. Carter, 66 Tex. 166, 18 S. W. 443; Willis v. Lyman, 22 Tex. 268; Hook v. Payne (Tex. Civ. App.) 185 S. W. 1014; Interstate Amusement Co. v. Fisher (Tex. Civ. App.) 263 S. W. 644; Turman v. State (Tex. Civ. App.) 26 S.W.(2d) 661.

■ No essential fact not affirmatively appearing will be presumed in aid of such proceedings. Perrill v. Kaufman, 72 Tex. 214, 12 S. W. 125.

■ The conclusion is inescapable that four plaintiffs did not join in making the affidavit for attachment. It is certain that one of such plaintiffs, Thos. L. Blanton, Jr., with the five plaintiffs making the affidavit, joined together in the demand for recovery of the sum of $9,750, each claiming one-sixth, as disclosed by the allegations of the petition. It is equally certain that either the five plaintiffs making the affidavit stated the amount of their demand to be $9,750, which would be great-

er than the demand of such sum by six plaintiffs in equal proportions, or else, in stating the amount of this demand, they included the demand of another plaintiff not making or subscribing to the affidavit. The law requires that the amount of the demand stated in the affidavit be at least no more than that in the petition. 5 Tex. Jur. § 94; Joiner v. Perkins, 59 Tex. 300; Sanger v. Texas Gin., etc., Co. (Tex. Civ. App.) 47 S. W. 740; Moore v. Corley (Tex. App.) 16 S. W. 787.

Clearly, if five plaintiffs demand $9,750, the demand of each is more than the demand of each of six plaintiffs for the same amount. Can some of the plaintiffs include in the amount of the demand required to be stated in a valid affidavit, the demand of other plaintiffs not joining in the affidavit? We think not. If so, no reason appears why the demand of some one not a party to the suit may not also be included. Suppose A and B have a demand against C amounting to $1,000. The interest of each in the total amount is $500. A files suit, but B does not. Can A procure the issuance of a writ of attachment by stating in his affidavit therefor that the amount of the demand is $1,000? If so, B could then intervene in the suit and avail himself of all of the advantages of the writ without incurring any of the risks of its issuance. We are therefore of opinion that the "amount of the demand" required to be stated is the amount claimed by those plaintiffs only who join in making the affidavit.

This conclusion requires us to hold that the judgment of the court below, in so far as it awards a recovery against Henry and Chas. R. Compton, should be reversed and rendered for said parties, and it is accordingly so ordered.

Affirmed in part, and reversed and rendered in part.

On Rehearing.

In the light of appellees' very able motion for rehearing it is deemed advisable to state more in detail the precise grounds of our decision. The affidavit stated the "amount of the demand"'to be $9,750. The purpose of the statute in requiring "the amount of the demand" to be stated in the affidavit is to establish by the oath of the affiants the amount which the attachment is sought to secure; to authorize the statement of the amount in the writ, to satisfy which the officer executing same is commanded to seize a sufficient amount of property; to fix the amount of the attachment bond, and the amount of any replevy bond which defendant may desire to make. In 6 C. J. 126, it is said: "The statutes generally require a statement that defendant is indebted to plaintiff, and also a precise or reasonably certain statement of the amount of the indebtedness claimed. This last statement is necessary and material, not only to confer jurisdiction, but also to enable

the officer to whom the affidavit is presented to determine the amount of property which may be taken under the attachment and thus avoid an excessive levy." As supporting the last portion of the text there is cited: Munzenheimer et al. v. Manhatten Cloak & Suit Co., 79 Tex. 318, 15 S. W. 389; Espey v. Heidenheimer, 58 Tex. 662; Marshall v. Alley, 25 Tex. 342; Norvell-Shapleigh Hdw. Co. v. Hall (Tex. Civ. App.) 91 S. W. 1092; Teague v. Lindsey, 31 Tex. Civ. App. 161, 71 S. W. 573; Smith v. Mather (Tex. Civ. App.) 49 S. W. 257; Aultman et al. v. Smyth (Tex. Civ. App.) 43 S. W. 932; Scram v. Duggan, 1 White & W. Civ. Cas. Ct. App. § 1269.

These reasons for the requirement are the basis of the rule as further stated by the same authority, namely: " * * * A variance between the affidavit for attachment and the writ issued thereon as to the amount claimed has been held to be'a fatal defect." 6 C. J. 429. See also Sanger v. Texas Gin., etc., Co. (Tex. Civ. App.) 47 S. W. 740; Moore v. Corley (Tex. App.) 16 S. W. 787; Elrod Bros. v. Rice (Tex. Civ. App.) 99 S. W. 733; Finch v. McVean, 6 Cal. App. 272, 91 P. 1019.

"The first requisite of the statute," says the Supreme Court in Espey v. Heidenheimer Bros., supra, "is that the affidavit must state that the defendant is justly indebted to the plaintiff, and the amount of the demand. * * * The averment required as to the amount of the indebtedness is just as important as any other in the affidavit."

Keeping in mind the purpose of the statute as thus indicated, let us examine the contention so forcefully presented by appellees' counsel, that there was no variance shown because the five plaintiffs who joined in the attachment claimed an aggregate amount in excess of $9,750, as disclosed by the petition, and that therefore the rule is applicable that a variance is not material where less is claimed in the attachment than in the suit. It is well settled, we take it, that plaintiffs in attachment may institute and enforce attachment proceedings for some certain amount less than the total claimed in the petition. Where this is done, the total claimed in the petition will consist of two parts—one involved in the attachment proceedings, the other not. If the demand involved in the attachment is identified, either in the petition or affidavit, or both, in such a way as to distinguish it from other demands or parts of the total demand claimed in the suit, all other such demands or parts of the total demand may be and should be disregarded. They can neither be affected by nor aid the attachment. That situation, it seems to us, is clearly presented by this record. Plaintiffs' petition, at the time the attachment issued, claimed judgment in behalf of some or all of the plaintiffs upon distinct grounds and for different amounts clearly identifiable one from another. One was in favor of plaintiffs

(whether all or only a part not clearly appearing, but we will assume there was meant the six plaintiffs hereinafter referred to) for $1,111.08. Whether the interest of each was equal, or what it was, does not appear, unless there is a presumption that same was equal. Another claim was a several demand of John H. Sedwick for $500. Another was a several demand of W. R. Nail for $500. Another was a joint demand of W. Graham Webb, Jr., and W. G. Webb only for $500, but several as between them and all other plaintiffs. Lastly, there was a definitely different claim by six plaintiffs for $9,750, each claiming $1,625 as his part thereof. This claim, as described in the pleading, when compared to that stated in the affidavit and bond in attachment, is clearly identified as the "amount of the demand" which five of the plaintiffs sought to secure by the attachment. Being thus identified and segregated from the rest of the total demand of all the plantiffs, the validity of the attachment must be tested with reference to it alone. The situation, as we see it, is precisely the same as if said $9,750 was all of the claim asserted by all of the plaintiffs in the suit. Since the aggregate interest of the five plaintiffs in attachment in this $9,-750 item of the total recovery sought was only $8,125, they were only entitled to have property attached sufficient to make said sum. They were required to give bond in the sum of $16,250. The defendant in attachment had the right to replevy upon giving bond in the sum of $16,250. The amount of the demand, stated in the affidavit for the purpose of enabling the clerk to issue the writ and to fix the amount of a replevy bond, if any, included, therefore, the demand of one not a party to the attachment proceedings amounting to $1,625. The result was that property of the value of $9,750 was directed to be attached, instead of $8,125 worth. Appellants were thereby required to give a replevy bond in the sum of $19,500, instead of $16,250. In other words, there was caused to be attached property of the value of $9,750 upon a demand which, to the extent of $1,625, was not the demand of any of the plaintiffs in attachment, was not claimed by them in the pleadings, but was solely the demand of a stranger to the attachment proceedings. The fault in the proceedings is not affected by the fact that the plaintiffs in attachment could have stated a demand exclusively their own, amounting to $9,750, or more, and which was within the amount claimed by them in the petition. It clearly enough appears that they did not, in fact, do so.

It is easier, perhaps, to see that there was a fatal defect in the attachment proceedings than to see that such defect is one that can properly be denominated a variance between the affidavit and petition. No other demand was authorized to be stated in the affidavit than that of the plaintiffs in attachment. The affidavit on its face did not show that any other demand than that of plaintiffs in attachment was included in the amount stated. Only by reference to the petition and bond does that fact appear. The clerk was under no duty to read the petition or compare the affidavit with the bond to see that plaintiffs in attachment had not overstated the amount of the demand. The clerk had no authority to issue an attachment commanding the seizure of property sufficient to make some amount which, according to his construction of plaintiffs' pleadings, was different from the amount of the demand stated in the affidavit. The attachment having been issued for $9,750, and the petition, affidavit, and bond altogether clearly showing that $1,625 of the "amount of the demand" stated in the affidavit was not any part of the demand of any of the plaintiffs in attachment as claimed by them in the petition, there was therefore a variance between the petition and affidavit.

Independently of the conclusions above stated, there is another insuperable obstacle to an affirmance of the judgment. On the face of the record the judgment awards a recovery on the replevy bond in favor of Thos. L. Blanton, Jr. He was not an obligee in the bond. There were no pleadings, if indeed there could have been, which authorized such a judgment. It was fundamental error in such state of the record to give judgment on the bond in favor of one not a party to the bond nor for whose benefit the bond purported to have been made. In White v. Suttle (Tex. Civ. App.) 255 S. W. 253, a summary judgment upon a replevy bond was held to be fundamental error where the bond was not the one prescribed by statute. If so it is easy to see that the error here is likewise fundamental.

The judgment upon the replevy bond, because of the state of the pleadings, is under necessity of being sustained, if at all, as a summary judgment upon a statutory bond. Such being the case, the record must authorize the judgment. This fact precludes us from reversing the judgment as to Blanton, and at the same time affirming it as to the other five plaintiffs. This could be done, perhaps, but for the obvious necessity of reforming the judgment before it could be affirmed in any part. Since no part of the judgment can be affirmed just as rendered, it results that, once it is disturbed, the record itself must afford complete authority for our rendering any different judgment. Errors therefore in the record, which the parties may have cut themselves off from complaining of as such, become necessary to be considered, not to disturb the judgment, but to determine if we can render any different judgment. Looking then to the record for such purpose, we are at once met with the defects in the attachment proceedings. The record will not support a reformation and affirmance of the judgment for any of the parties. The defects

are incurable, and therefore no purpose can be served by a remand.

We have therefore concluded that the motion for rehearing should be overruled, and it is accordingly so ordered.