Pinchain v. Collard.

PETER PINCHAIN v. J. S. COLLARD.

Where the action was on a note of hand with allegations in the usual form setting forth the note according to its legal effect, but without exhibiting a copy, and praying judgment for debt, interest and costs, and for such other relief as the plaintiff might be entitled to in equity, and judgment was rendered by default, and upon the production of the note upon the execution of the writ of inquiry it purported to be given for the purchase money of the defendant's homestead, and the Court, in rendering judgment, ordered execution to issue against the defendant's homestead, it was held that the allegations and prayer of the petition did not authorize any other judgment than for debt, interest and costs, and that the order that execution issue against the homestead was error, for which the cause was reversed and remanded.

*Quere*, whether the mere transfer of a note or bond given for the purchase money of a tract of land, passes the vendor's lien? But where another is substituted for the vendor, as payee in a note, given as expressed in the note for the purchase money, he will be entitled to the vendor's lien.

Error from Montgomery.

*N. H. Davis*, for plaintiff in error. There was error in the District Court in decreeing the sale of the land. 1st. Because neither the averments or prayer of the petition contained a statement under which evidence to justify the decree, could have been introduced. (Hart. Dig. Art. 671; 1 Chit. Pl. 278; Gould's Pl. 172; Story's E. P. Sec. 27, 28, 255, 257, 40-43.)

2nd. Because the vendor's equitable lien does not exist in the hands of an assignee of the debt.

3rd. Because the petition was well calculated on its face, to deceive and mislead the defendant below.

*Smith & Bradbury*, for defendant in error.

HEMPHILL, CH. J.   This action is on a note of hand with allegations in the usual form, setting forth the note according to its legal effect, but without exhibiting a copy, and praying judgment for debt, interest and costs, and for such other relief, as the plaintiff might be entitled to in equity.   A copy of the note is however set forth in the record, and it is as follows, viz:

"On the first day of January, eighteen hundred and fifty-"four, I promise to pay Jonathan S. Collard, or order, one "hundred and twenty-five dollars, with twelve per cent. inter-"est from the first day of January last until paid, for value "received; it being the balance due on one hundred acres of "land purchased of Wm. Elkins, and the same tract of land "on which I now live.   February 28th, 1853.

    "(Signed,)                    PETER PINCHAIN."

The defendant failing to appear, judgment was given by default for the amount of the note, interests and costs; and it was further decreed that the land specified in the instrument of writing, being the homestead of defendant, be sold to satisfy said judgment.

The defendant sued out a writ of error, and in the petition assigned various errors, viz: That there was error in granting the order of sale, there being no prayer for such order, and no averment in the petition that the note sued on was given for the said land.   That the petioner, Collard, was not the vendor of the said land, and the vendor's lien could not exist in his hands, as assignee; and because it is manifest that the recital in the instrument is but a shift to evade the homestead exemption.

We are first to consider whether the order for sale was authorized by the allegations, or prayer of the petition; and that it was not is too plain to require any comment.

There is not a syllable in the petition from which it could be inferred that the plaintiff had a lien by the note, or in any other way, on the land in question or any other land of the defendant. The note was not made a part of the petition, and if it had been the plaintiff could claim no benefit from the recital that it was given for monies due on land.

He had set forth the contents of the instrument, and his omission of the memorandum would be evidence that he did not intend to claim the lien, or that his judgment should be satisfied out of this property particularly. The object of pleading is to apprise the Court and the opposite party, of the grounds upon which relief is claimed, and to some reasonable extent, of the nature of that relief.

Tested by this rule, the petition is wholly deficient. Its averments and prayer will support no other judgment than the one given for its amount, interest and costs. The further decree that the land be sold, is without any basis for its support, and must be set aside.

The next point raised by the assignment, is, that the plaintiff, Collard, is not the vendor, and that the transfer of the debt to him did not transfer the vendor's lien.

Whether the lien of the vendor passed by the mere transfer of the note or bond given for the purchase money, is a point on which there is quite a diversity of opinion. Mr. Dart, in his Treatise on Vendors, says that the lien is assignable by parol, and refers to Doyden v. Frost, 3 Myl. & Cr. 670, which fully sustains the conclusion drawn by the author. But in that case there were some peculiar circumstances. The vendor not only agreed that the plaintiff should receive the sum from the purchaser, but the purchaser also agreed to pay it to the plaintiff; that is, he gave him his promissory note for the amount.

Many authorities might be cited in support of the position that an assignment of the note for the purchase money transfers also the vendor's lien. Among these may be cited Parker v. Kelly, 10 S. & M. R. 184; Tamer v. Hicks, 4 Id. 300;

6 Id. 149 ; Meigs R. 52 ; 4 Litt. R. 289 ; 5 Monroe, R. 287 ; 18 Ala. R. 371. In opposition to this view, and that such transfer does not pass the vendor's lien, may be cited, 9 Ga. R. 86 ; 10 Humph. R. 371 ; 1 Bland Chan. 519 ; 1 Paige R. 502.

But in this case it is not essential that we should express any definite opinion upon the question as to whether the assignment simply of a security taken for the purchase money, carries with it the vendor's lien or not. The transaction we have to consider in this case, is not a transfer merely by the vendor of a note taken by him for the purchase money. The note is not given to the vendor, but to the plaintiff, in the first instance. There is no evidence to show why this was done, but the presumption from the facts themselves is that the vendor agreed that the plaintiff should receive the money, and the defendant agreed that he would pay it to the plaintiff. The latter thus was substituted for the vendor. The debt was made payable to him and not the vendor. He had perhaps advanced the cash to the vendor, and thus enabled the vendee to obtain credit and perfect the purchase, when otherwise he might perhaps have failed ; and to show that the benefit of the lien was claimed, it is expressly stated that the land was the consideration of the note.

Under such circumstances, and where the assignee is substituted for the vendor, we are of opinion that the transfer of the debt passed the lien of the vendor to the plaintiff. Judgment reversed and cause remanded.

                                        Reversed and remanded.