## JOHN ADRIANCE, ADM'R, V. W. E. CREWS.

1. A receipt purporting to be a settlement between parties is conclusive on them, unless it be shown that it was obtained by fraud, or under a mistake, or upon some condition.

2. It is error to submit to the jury the question whether such receipt be final in absence of testimony of fraud or mistake, or that the receipt was only conditional.

3. An administrator made a settlement with a creditor of the estate by paying a *pro rata* upon the claim, and taking a receipt in full. Such settlement would bind the creditor, in absence of fraud, mistake, or of evidence that it was conditional.

4. If a creditor is induced by the misrepresentations of an *heir* to compromise his claim with the administrator for a less sum, his remedy would be against such heir. His interest is sufficient consideration to bind him to make good his representations.

Appeal from Brazoria. Tried below before the Hon. A. P. McCormick.

On the twentieth of June, 1871, Crews brought suit against Adriance, as administrator of the estate of Patton, in the District Court of Brazoria, for the recovery of the sum of $2672.35, alleged to be due him for services rendered the estate of Patton as overseer for the years 1861 to 1865 inclusive, and interest. He filed with his petition an account for that amount in currency, sworn to, presented to said administrator and by him rejected. The petition alleges that Adriance was carrying on a plantation under the order of the county court, that an overseer was necessary, and that Adriance employed him and agreed to pay him $800 a year.

Adriance, on the tenth of October, 1871, filed a general demurrer and general denial, and on the seventeenth of January, 1872, an amended answer, in which he set up that he had fully paid and discharged his indebtedness to Crews, and that Crews had receipted to him for the same. The receipt of Crews is set out in the opinion.

He answered further, that in July, 1869, in his exhibit and account, as administrator, with the county court, he included said receipt and claim of Crews, and the county court approved his account.

He pleads also that Crews' claim was barred by limitation.

Crews then, on the seventeenth of January, 1872, replied, denying that Adriance had ever settled with him

in full, and alleging that he was induced to execute the receipt by the fraudulent representations of Adriance, that the estate of Patton was insolvent, and would be unable to pay him more; and that he, Crews, had no means of informing himself of the facts; that he reposed special confidence in Adriance, and that "Adriance promised and assured him that if thereafter said estate should be found in a better condition, that plaintiff would pay the balance of his debt," etc.

The court charged the jury as follows:

"The account stated and the receipt are not conclusive against the plaintiff, but they may be contradicted or explained by other testimony.

"It is for the jury to determine from the proof whether the settlement shown by the account stated and receipt passed between the plaintiff and defendant, in 1866, was a final settlement between them in fact as it purports to be on its face.

"The presumption is that it is a final settlement until the contrary is shown by express testimony to the satisfaction of the jury.

"And the jury must be satisfied that the settlement was not made as a final settlement, or that the plaintiff was induced to make such settlement by the false and fraudulent representations of the defendant, or of others with the defendant's knowledge, or they will find for the defendant.

"If the jury believes from the evidence that the settlement between plaintiff and defendant was not a final settlement of their accounts, or that the plaintiff was induced to make said settlement by the false and fraudulent representations of the defendant, or of others with defendant's knowledge, you will find for the plaintiff."

Judgment for plaintiff.

The testimony sufficiently appears in the opinion of the court.

The defendant below appealed.

*Geo. Quinan*, for appellant.—The court erred in the charge to the jury.   1. It was error to submit to them any question of fraud or misrepresentation, when there was not a particle of proof tending to establish it.   We look in vain to the statement of facts for anything that even squints that way.   The plaintiff himself was sworn, and he does not deny that the representations made were true. The proof by his own testimony and his own witness (for the defendant called none) shows them to have been true.

2. It was error to submit to the jury whether the settlement was a full and final settlement, when the receipt and the account of 1866 upon the face showed them to be such, and there was no proof of fraud, accident or mistake.   It was the duty of the judge to charge them that the account and receipt were a final settlement of the claim, which could be avoided only by proof of fraud, accident or mistake, of which there was no proof.   He submits to them the question whether the settlement was full and final as a proposition independent of the inquiry whether there was fraud or misrepresentation in the procurement of it.   From the testimony there could arise no controversy whether the settlement was full and final. The fact is certified under the plaintiff's hand, "settled in full."   He swears it was a settlement, and so far as the administrator, the estate, and himself were concerned, he tells nothing to show it was not final.   The plaintiff puts Adriance upon the stand, and he testifies that the settlement was full and final, and intended to be so.   The charge of the judge, then, was calculated to mislead the minds of the jury in directing their inquiry to what was not an open question, unless there had been proof of the

fraud and misrepresentation which plaintiff had charged. (Pierce v. Randolph, 12 Texas, 295; Chandler v. Van Ræder, 24 How., 444; Andrews v. Smithwick, 20 Texas, 118.)

3. The charge of the judge, we submit, is not correct in the proposition that the settlement on the account and receipt are not conclusive, "but they may be contradicted or explained by other testimony." We insist that they are conclusive until it is shown that they were executed by fraud, accident or mistake. Possibly if this were a mere receipt for money the charge would be unobjectionable. But here it is something more. It is upon the face of the account a compromise, a bargain, to take so much in gold for his wages, to pay such a rent for the land, to settle the values of what he had previously received, to be allowed ten per cent. interest. And in so far, it was of the nature of a contract in writing, and to be judged by the same rules. (1 Greenleaf, Sec. 305.)

In Fuller v. Crittenden, 9 Conn., 406, it is said: "The true view of the subject seems to be, that such circumstances as would lead a court of equity to set aside a contract, such as fraud, mistake or surprise, may be shown at law to destroy the effect of a receipt."

It was error to refuse the charge asked. It stated briefly, and with direct application to the testimony, the law applicable to the plaintiff's case, more favorably for him than he was entitled. The issue he made was upon the fraudulent representations of Adriance; and if such were not made, or plaintiff was not influenced by them, we say he had no right to a recovery here.

*Duff & Wilson*, for appellees.

WALKER, J.—This was an action brought in the court below, by W. E. Crews v. John Adriance, as administrator of the estate of C. R. Patton.

The plaintiff claimed that there was due him for services, as overseer, rendered to the estate of Patton, about $2700.

The defendant plead a settlement, in bar of the action, and, on the trial, to support his plea, offered in evidence the following instrument of writing :

"$2555.35.

"COLUMBIA, April 10, 1866.

"Received of John Adriance, administrator of estate of C. R. Patton, twenty-five hundred and fifty-five dollars and thirty-five cents, in specie or its equivalent, in full, for five years services as manager on plantation belonging to said estate, say from January 1, 1861, to January 1, 1866, at five hundred dollars per year, in specie, and three months interest, from Janunary 1, 1861, to April 1, 1866, at ten per cent.

(Signed)                "W. E. CREWS."

It is clear from the evidence that the plaintiff did not receive by a considerable sum as much money from the administrator as was due him from the estate of Patton.

Adriance was carrying on a plantation under the order of the probate court, and hired Crews at the stipulated price of eight hundred dollars a year, and it would seem from the receipt that Crews continued in this employment for five years. The receipt, however, is conclusive on the parties, unless it be shown that it was obtained by fraud or under a mistake, or upon some condition.

The instructions of the court should have been more explicit, and we think the court erred in submitting to the jury to determine whether the settlement was full and final between the parties, unless there had been some evidence to show fraud or mistake.

And upon examination of the statement of facts, it does not appear to us that there was any evidence of either fraud or mistake. There is evidence going to show that

at the date of the receipt the estate of C. R. Patton was considered insolvent, and the appellee was told by C. R. Patton, Jr., one of the heirs of the estate, in the presence of Adriance and perhaps with his assent, that if the estate should afterwards become solvent he should be paid the balance of his claim, if he compromised for the sum witnessed by the receipt. And Crews appears to have acted upon this promise, and now it is admitted that the estate of C. R. Patton, deceased, is solvent. This being the case, if Crews compromised his claim for what was considered his *pro rata* dividend, under a promise by the administrator that he should receive the full amount of his claim should the estate prove solvent, then he would not be bound by a receipt, but would be entitled to be paid in full.

But if this promise was made by Patton, one of the heirs who was interested in the estate, and formed an inducement to Crews to take less than the amount due him, then the heir so promising would be personally bound to make good the promise, as the release to the estate to an interested party would be a sufficient consideration to support the promise. And in this event the suit should have been against C. R. Patton individually. But if really such a representation was made by Adriance, and only concurred in by Patton, we are then of the opinion that the receipt would be wholly neutralized by this agreement, and the estate would remain liable for the whole of the debt.

But considering that the charge of the court may to some extent have misled the jury, we will reverse the judgment and remand the cause.

REVERSED AND REMANDED.