SALIMA HILLEBRANT v. W. T. BARTON, ADMINISTRATOR.

1. An injunction restraining the execution of a writ of restitution issued in an action of forcible detainer will protect the possession, although the officer may have executed the writ of restitution before service of the

injunction and the possession had been regained by the petitioner in injunction.

2. It is error to render judgment for a larger sum than that claimed by the pleadings.

ERROR from Victoria. Tried below before the Hon. T. C. Barden.

January 19, 1871, Salima Hillebrant applied for and obtained an injunction from Hon. T. C. Barden, district judge, alleging that Barton, administrator of Patten, had recovered judgment on the twenty-fourth of October, 1868, before C. G. Hall, J. P., against her in an action of forcible entry and detainer for the possession of lot 4, block 160, in the town of Victoria ; that immediately thereafter she had sued out and obtained a writ of *certiorari* from the judge of the District Court for the district ; that the bond had been executed and all things complied with ; that the papers from the magistrate had been placed in the office of the district clerk of Victoria county; that from some cause the appeal had not been entered upon the docket of the District Court; that the magistrate before whom the case had been tried had issued a writ of restitution, and that the sheriff was about to dispossess her; "that she was a lone widow with several small children, and had no other house;" that she had a just defense to the action.

The injunction prayed for and granted restrained the sheriff of Victoria county, and all other officers, from dispossessing the petitioner from the premises until a final hearing of the cause be had.

April, 1871, Barton moved to dissolve the injunction and dismiss the bill for want of equity, alleging special exceptions, and plead in reconvention, alleging the rent of the premises as worth ten dollars coin per month, and asking judgment for rent from the date of the service of the injunction to the date of judgment.

The court sustained the motion to dissolve, and upon trial the jury returned a verdict for defendant for $108.50 United States currency, for which judgment was rendered against Mrs. Hillebrant and her sureties on her injunction bond.

The testimony showed that the writ of restitution had been executed one or two hours before the officer had service of the injunction on him; but that Mrs. Hillebrant in some way had again obtained possession. It was proved that the rent was worth from seven to ten dollars per month.

Barton, by writ of error, brought the case for revision to this court.

*Phillips, Lackey & Stayton*, for plaintiff in error.

*A. B. Peticolas*, for defendant in error.

OGDEN, P. J.—The petition for an injunction in this case may have been defective technically in not praying for a restraining order as well against the defendant and others as against the officer holding the writ of restitution, but as neither the defendant nor any other person could take forcible and legal possession except through the aid of the officer, under and by virtue of that writ, we think a reasonable construction of the prayer would be that the petitioner should not be disturbed in her possession by reason of that writ from the justice's court. And as the writ of injunction restrains the officer from executing said writ, it thereby restrains him from interfering with the petitioner's possession by reason of that writ, and we think it immaterial whether the officer had dispossessed her before the issuance of the injunction or not; if she had regained possession of the premises the writ of injunction protected her in that possession, and for that protection we think she and her sureties are re-

sponsible on their bond. But we think the judgment for damages is excessive, being for considerably more than prayed for in the petition in reconvention.

It is a familiar principle that courts will not grant to litigants any greater rights or more relief than is asked for in their pleadings. (Pinchain v. Collard, 13 Texas, 335 ; Moore v. Guest, 8 Texas, 119.) The prayer in the plea in reconvention is for a judgment for the rent of the premises, at the rate of ten dollars gold per month, by way of damages, from the service of the injunction to the date of filing the answer, which was on the second day of April, 1871. There is no prayer for further damages, nor for general or special relief, and yet a judgment for a much larger sum than the rent for the time at the rate specified was rendered, and we are of the opinion that the court was not authorized under the pleadings to grant any further relief than prayed for.

There was no error in the court in granting a writ of *procedendo*, upon the motion of the party interested, in a case where an appeal had been attempted from a justice's court, and when the appeal had not been perfected, or when an appeal had been dismissed. But, for the error indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.