## W. M. JOINER v. A. A. G. PERKINS.

### SUPREME COURT, AUSTIN TERM, 1883.

*Attachment—Petition and Affidavit—Variance.*—An attachment will be dissolved where the exact amount of the demand is not made sufficiently certain from the averments of the petition and the affidavit. A variance in the petition and affidavit as to the amount due is fatally defective.

*Vendor's Lien—Jurisdiction.*—The fact that notes for the purchase price of land were executed to a third party, instead of to the original vendor, or that subsequently these notes were taken up and other notes substituted in their stead, would not affect, as between these parties, the vendor's lien for the purchase money. Under this state of facts the district court of the county where the land was situated was vested with jurisdiction.

Appeal from Lee county.

W. M. Joiner, administrator, sued A. G. G. Perkins on two promissory notes, which are set out in plaintiff's petition, but not filed therewith nor made part thereof. Plaintiff claims in his petition that said notes were executed by defendant December 8, 1878, one for the sum of $146.20 with interest at 10 per cent. per annum from date thereof until paid, the other for $85.17 at legal rate of interest from date thereof until paid; that these two notes were given in lieu of other notes, without stating how many notes or the amount of money said other notes called for; that these other notes were procured by Mrs. Catherine B. Mundine to be executed by defendant, A. G. G. Perkins,

on the 12th day of March, A. D. 1874, to plaintiff, W. M. Joiner, administrator, in satisfaction of a debt which Mrs. Catherine B. Mundine owed to said Joiner; that these notes first given were a part of the purchase money for the tract of land as described by plaintiff in his petition and sold to said Perkins by Mrs Catherine B. Mundine. In other words, Mrs. Catherine B. Mundine was vendor, defendant A. G. G. Perkins was vendee, and that plaintiff, W. M. Joiner, administrator, was payee of the notes, which were not set out or described in plaintiff's petition, except that they were given for a part of the purchase money as before stated; that it was distinctly and expressly understood by plaintiff, defendant and the said Catherine B. Mundine, and fully agreed (by and between whom is not stated) that the lien for the purchase money of said land then held by said Catherine B. Mundine should be retained by plaintiff as administrator as aforesaid; and that plaintiff should be subrogated to all the rights of the said Catherine B. Mundine as vendor of said tract of land. Plaintiff then prays for a foreclosure of a lien on said land, allowing defendant a credit of $50, paid December 14, 1880; says it will not pay his debt; asks for an attachment for $100. Affidavit was made by him stating indebtedness at $257.40, for which said $257.40 the writ issued, the proper bond having been given.

Defendant made motion to quash attachment on the grounds of variance between petition and affidavit, which was sustained by the court.

Then came the demurrer on the following grounds :

1. That plaintiff's petition is insufficient in law, because it appears therefrom that the amount sued for is below the jurisdiction of this court and within the jurisdiction of the county court; that the same does not state facts sufficient to constitute a cause of action.

2. That the petition on its face does not show for what amount the notes claimed to have been executed on the 12th day of March, A. D. 1874, for the purchase money of the land, described in the petition, was given.

3. That the petition shows upon its face that the notes therein sued upon were not given for the purchase money of the land described in the petition. Wherefore he asks

the court to strike out the portion of the petition relating to the vendor's lien.

4. That the petition shows that no lien was ever reserved in writing, but an attempt is made to add a verbal condition to a written contract, wherefore he asks the court to strike out all that part of plaintiff's petition referring to such a verbal understanding as to the vendor's lien.

Then the plea of privilege to be sued in Colorado county and general denial, which demurrer was sustained by the court and the cause dismissed.

Opinion by West, J.

We are of the opinion that the action of the court in sustaining the motion to quash the writ of attachment on the ground of variance, was correct.

The exact amount of the debt, too, for the securing of which the writ of attachment was sought, appears not to be made sufficiently certain from the averments of the petition and the affidavit. (Brown v. Martin, 19 Tex., 343 ; Marshall v. Alley, 25 Tex., 342 ; Espey v. Heidenheimer, (Gal. T., 1883.)

The court was in error, however, in dismissing the case, for want of jurisdiction. The constitution, (Art. 5, Sec. 86) and also the statutes, (Rev. Stat., Art. 1117) provides, that the district court shall have jurisdiction in all cases for the enforcement of liens on real estate.

In this case, the land described in the petition, on which it is sought to foreclose the vendor's lien, is alleged to be in Lee county, and was purchased by appellee, of Mrs. Catharine B. Mundine, and Mrs. Mundine being then indebted to appellant as administrator of the estate of Wm. Joiner, deceased, instead of taking all the notes payable to herself, or order, directed appellee to execute some of the notes to appellant as such administrator, in satisfaction of her debt to the estate of appellant's intestate. This was done and afterwards appellee executed by way of renewal, to appellant as administrator, the notes now in suit, in lieu of the former notes that were unpaid. The fact that the first notes were executed to appellant, instead of Mrs. Mundine, (the original vendor) or that subsequently these notes were taken up, and other notes substituted in their stead, would not affect, as between these parties, the vendors lien for the purchase money ; that always exists in such a case,

in the absence of its waiver. It was clearly such a lien, as was contemplated by the constitution and laws, when jurisdiction was conferred on the district court as to the enforcement and foreclosure of liens, on real estate. (Rev. Stat., Art. 1198, clause 11.)

Without any contract or agreement by operation of law, this lien springs at once out of the contract of purchase, and exists and survives, until waived or extinguished by payment as between the original parties to the notes, wholly independent of any agreement, verbal or written. Hence the averment in the petition in this case, as to the existence of the vendors lien, though not as full as it should have been, was sufficient. (Flanagan v. Cushman, 48 Tex., 244; Rogers v. Blum, 56 Tex., 1; Briscoe v. Bronaugh, 1 Tex., 326; Hood v. Cordova, 17 Wallace, 1; White v. Downs, 40 Tex., 225.)

Nor, as between these parties is the lien waived, lost or abandoned by the fact, that the original note for the purchase money, was by the direction of the vendor, executed to a third person. Nor, is such a lien lost as between the parties by the fact that such third person afterwards surrenders to the vendee his original note (as in this case) and takes others in their stead.

De Bruhl v. Moss., 54 Tex., 473; Gilliam v. Collins, 53 Tex., 202; Clements v. Lacy, 51 Tex., 150; Irwin v. Garner, 50 Tex., 448; Flanagan v. Cushman, 48 Tex., 241; Prince & Zuber v. Malone, Galveston Term, January 28, 1881. Opinion of Commissioners of Appeals, by Hon. A. S. Walker, overruling Malone v. Kauffman, 38 Tex., 154; Pincham v. Collard, 13 Tex., 335; Senter & Co. v. Lambeth, Austin Term, Sup. Ct., 1883. Glaze v. Watson, 55 Tex., 563.

In this case the allegations in the pleadings are sufficient to show that the vendors lien has not been waived or abandoned, and if, on the trial, this proves to be the fact the district court of Lee county has jurisdiction of the case notwithstanding the fact, that the residence of the appellee is in Colorado county.

The judgment is reversed.