ROBERT VAUGHAN v. THE STATE.

No. 3752. Decided November 17, 1915.

Assault to Murder—Insufficiency of the Evidence—Intent to Kill.

Where, upon trial of an assault with intent to murder, the evidence was insufficient to show a specific intent to kill, the judgment must be reversed and the cause remanded. Following Jobe v. State, 1 Texas Crim. App., 183, and other cases.

Appeal from the District Court of Marion. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of assault with intent to murder; penalty, two years confinement in the penitentiary.

The opinion states the case.

*W. L. Grogan,* for appellant.—On question of intent: Floyd v. State, 18 S. W. Rep., 819; Trimble v. State, 125 S. W. Rep., 40.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at two years confinement in the State penitentiary.

There are a number of grounds noted in the motion for a new trial, but none of them in our opinion present error, unless it be the ground that alleges the insufficiency of the testimony to sustain the verdict. In an assault to murder case, the evidence must be of that character which would authorize the finding of a specific intent to kill. (Jobe v. State, 1 Texas Crim. App., 183; Patrick v. State, 33 S. W. Rep., 352; Parker v. State, 53 S. W. Rep., 115; Reyes v. State, 48 Texas Crim. Rep., 346; Foster v. State, 39 Texas Crim. Rep., 399; Hammons v. State, 29 Texas Crim. App., 445.) We always dislike to disturb the verdict of a jury on the evidence, but as held by this court in Jobe's case, supra, "The intent with which the act is committed in this character of offense is a material fact; and, when there is a deficiency of

proof of such intent, this court has no discretion." We have read and reread the evidence in this case, and to our mind there is no evidence that would justify a finding of intent to kill. An assault was made beyond question under our statute, but the evidence and all the evidence negatives the specific intent to kill. The injured party, Harrison Pitts, negatives any idea of malice or ill-will. As do also all the witnesses for both State and appellant in our opinion. There are some isolated circumstances, which unexplained and taken by themselves, might tend to show sudden malice, growing out of play, but, when the testimony is taken as a whole, these isolated circumstances are made to appear insignificant. When the appellant shot, he says he had no intention of shooting Pitts. The distance was great, and the shot barely buried themselves in Pitts' leg; appellant at once went to him, protested he had no intention of shooting Pitts, assisted Pitts to arise, carried him to his (appellant's) home and went after a doctor for Pitts. After the doctor arrived, the doctor says he examined Pitts and found several shots in both the lower limbs; they did not go in deep—just went under the skin, and it was so trivial it would hurt worse to get them out than to let them remain. Appellant's whole conduct on the occasion, as testified to by the witnesses, negatives that state of mind incident to a case of attempt to murder. As before said, while we are always reluctant to disturb the verdict of a jury on the facts, yet, when the record as a whole seems wanting in proof tending to show malice or ill-will, we deem it our duty to do so.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*