## BROOKS v. HERREN.

### No. 8464.

Court of Civil Appeals of Texas. San Antonio.
June 18, 1930.

Rehearing Denied July 30, 1930.

See also 20 S.W.(2d) 807.

Hughes & Monroe and G. de Graffenried, all of Dallas, for appellant.

Criss & Brown, of Harlingen, for appellee.

FLY, C. J.

This is an appeal from a judgment overruling a plea of privilege filed by appellant. Appellee sued appellant, a resident of Dallas county, in Cameron county for specific performance of a contract for the sale of land, and the foreclosure of an equitable lien for purchase money.

The contract is as follows:

"State of Texas, County of Cameron: ,

"Know all men by these presents, that we H. B. Herron, of Cameron County, Texas, hereinafter known as . vendor and C. L. Brooks of Dallas County, Texas, hereinafter known as vendee, have this day entered into the following articles of and sales, to-wit:

"1st. That the vendor does by these presents sell to the vendee fifty-three town lots in Harrison Manor and being all the town lots owned by himself in Cameron County, Texas, as the same appear upon the official map of said Harrison Manor addition, of record of the map records of Cameron County, Texas, for an agreed price of $24,000.00, $10,-000.00 of which price is to be paid by the vendee deeding to the vendor or to whomsoever he may designate 10¼ acres of land in Dallas County, Texas, lying about four miles southwest from the courthouse in the city of Dallas, and being part of the·J. B. Richards survey and being the same land deeded to C. L. Brooks by Clifford G. Beckham by deed recorded in Vol. 1285, page 153, deed records, Dallas County, Texas, free and clear of all encumbrances and the vendee assuming and agreeing to pay an outstanding indebtedness against said 53 lots in the approximate sum of $7000.00 together with accumulated `interest thereon. $1000.00 to be paid in cash, $1000.00 to be paid twelve months from this date and the balance of approximately $5000.-00 due in three equal annual payments, all deferred payments evidenced by Texas Standard Form Vendor's Lien notes, bearing 6% interest, interest payable semi-annually.

"2. That the vendee does by these presents purchase the above described property for the price and on the terms set out herein.

"3. It is mutually agreed between the parties hereto that the vendee is to furnish .to the vendor a guaranty title, certificate issued by some ·responsible title company of the city of Dallas, showing clear title to the 10¼ acres of land in Dallas County, Texas, and all the taxes against said property to be paid up to and including the year 1928, and the vendor shall furnish to the vendee complete abstract of title to the 53 lots in Cameron County, Texas, showing good merchantable title in the vendor or person making deed or to be made merchantable subject, however, to the indebtedness being assumed and all taxes and water assessments are to be. paid up against this property to January 1, 1929. Said abstract to be furnished at the earliest practical date and vendee is to promptly have the same examined and if any defects are found in the title the same are to be immediately reported to the vendor, who shall have a reasonable time in which to correct them, or shall .the vendee prefer the vendor is to furnish to the vendee a certificate of guarantee to said title, issued by one of the title guaranty companies of Cameron County, Texas, and as a part of this contract, is to convey the property he is exchanging by good and sufficient general warranty deed.

"4. It is mutually agreed between the parties hereto that the vendee has inspected the 53 lots in Cameron County, Texas, and is satisfied with the property but the. vendor has not seen the 10¼ acres in Dallas County, Texas, and this trade is made subject to inspection of the Dallas property by the vendor and for this purpose the vendor has 8 days from this date in which to inspect and

approve the title of the property and failure on his part to inspect or approve the property within said 8 days shall be considered approval but in case he disapproves the Dallas property this contract shall be null and void and such disapprovement shall be noted upon each copy of the contract.

"Witness our hands in duplicate this the 19th day of November, A. D. 1928.

"H. B. Herron, Vendor.
"O. L. Brooks, Vendee.

"M. R. Rogers
"D. B. Meadows."

The writing sets forth the terms of the agreement quite fully, but it will be noted does not indicate that appellant was to sign promissory notes payable in Cameron county, or perform any part of the contract in Cameron county.

Appellee alleged that appellant had not executed the notes, paid the cash, or executed a deed to the land in Dallas county, nor satisfied any part of the consideration for the Cameron county land, and offered to execute a deed to his land to appellant and sought to compel him to perform his part of the contract.

■ Appellee bases his claim of venue as against appellant under the terms of exception 12 to the venue statute, article 1995, Revised Statutes, which is as follows: "A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated." It has been held in several instances that an equitable lien for the purchase money of land is within the purview of the exception quoted. Of course, where an express lien is not retained to secure the payment of purchase money, an equitable lien arises in favor of the vendor and can be foreclosed to obtain the purchase money. Flanagan v. Cushman, 48 Tex. 241; Joiner v. Perkins, 59 Tex. 300; Capps v. Edwards (Tex. Civ. App.) 180 S. W. 137; Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287.

■ The last case cited is decidedly in point and in unmistakable terms sanctions the foreclosure of an equitable lien for purchase money in the county where the land is situated regardless of the county in which the vendee may reside. The facts are similar to the facts in this case and the points decided answer the contentions of appellant. The case has been cited several times and never questioned. The Supreme Court granted a writ in the case, held it for several months, and then perhaps discovered that the Courts of Civil Appeals have final jurisdiction in cases of venue and then dismissed the cause for want of jurisdiction.

The case of Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 559, holds that in order for a contract to justify a suit in a county other than in the county of residence of the defendant, it must provide in terms for performance on the part of the defendant in another county and that no implied contract to perform can give venue of the cause. The decision is doubtless correct, but it is not applicable to the case disclosed by the record. Appellee does not claim that the contract binds appellant to perform his part of the contract in Cameron county, but that it discloses that appellee has an equitable lien on the property contracted to be conveyed by him and seeks to foreclose that lien in Cameron county where the land is situated.

■ The contract was signed by appellant and appellee and was attached to and made a part of the controverting affidavit, although it is stated in appellant's brief that it was not referred to in the controverting affidavit. Appellant did not deny that he signed the contract, and in addition appellee swore that appellant signed it. Of course, the contract in the absence of attack on its genuineness proved itself. It was admissible in evidence to show the existence of the equitable lien held by appellee and any other pertinent purpose disclosed by its terms. No authority has been cited that would sustain the contention that the contract should have been proved by evidence outside of its recitals. Of course, the petition did not tend to prove the allegations therein alleged and was only introduced to show the existence of the suit and its object and the relation of the parties to each other.

The judgment is affirmed.