## PRICE v. BEVERS.
### No. 2904.

Court of Civil Appeals of Texas. Beaumont.
March 5, 1936.

Rehearing Denied March 11, 1936.

J. C. Hardy, Jr., of Houston, and Foster & Williams, of Conroe, for appellant.

Pitts & Liles, of Conroe, for appellee.

WALKER, Chief Justice.

By their warranty deed dated June 11, 1925, O. C. Bevers and his wife conveyed to J. M. Powell four tracts of land numbered 1, 2, 3, and 4 on the Wm. Patterson survey in Montgomery county, containing 337¼ acres of land. The recited consideration was $2,500, paid as follows: $457.10 in cash, the assumption by the grantee of certain notes due by the grantor to Mrs. W. T. Price, totaling $1,572.15, and the execution by the grantee to the grantor of an additional note for $470.75, due eight years after date, with interest at 6 per cent. per annum and the usual 10 per cent. attorney's fees; as an additional consideration the grantee assumed a note against the land due by the grantor to the Federal Land Bank of Houston. It was expressly recited in the deed that a vendor's lien was retained against the land to secure the payment of all these "notes and all interest thereon." The Price notes, assumed by the grantee, were vendor's lien notes due by the grantor to Mrs. Price, as part of the consideration for a tract of land on a different survey, and no part of the land conveyed by Bevers to Powell. Powell defaulted in his obligation, whereupon Mrs. Price instituted suit against him for a personal judgment and to foreclose the vendor's lien retained in her favor in the deed from Bevers to Powell; Bevers joined Mrs. Price as a party plaintiff in that suit and was represented by the same attorney. On the 30th day of November, 1929, Mrs. Price was awarded judgment in that case as follows:

"It is, therefore, ordered, adjudged and decreed that plaintiff Mrs. W. T. Price do have and recover of and from the defendant J. M. Powell sixteen hundred ninety-eight and 81/100 dollars and 8 per cent interest thereon from and after this date, and the further sum of one hundred sixty-nine and 88/100 dollars attorneys fees, with interest thereon from this date at the rate of 6 per cent per annum, and all costs in this behalf expended, for all of which let execution issue.

"And it further appearing that plaintiff O. C. Bevers and wife Sibyl Bevers have and are entitled to a vendor's lien on the tracts, pieces or parcels of land hereinafter described, which said lien arose from, and was created by, the deed described in plaintiffs' pleading, wherein and whereby the said O. C. Bevers and wife conveyed

to defendant on June 11th, 1925, said tracts of land, and it further appearing that said parties hold said lien for the use and benefit of the plaintiff Mrs. W. T. Price, to the extent of the judgment herein awarded her against the defendant J. M. Powell, and it further appearing that the plaintiffs O. C. Bevers has a vendor's lien against said lands to secure the payment of the note for $470.75 as shown in the deed hereinabove referred to, which indebtedness has not yet matured, and it further appearing that the Federal Land Bank of Houston holds a prior lien against said first, second and fourth tracts of said described lands, given by said O. C. Bevers and wife, and it further appearing from plaintiffs' pleading that plaintiffs seek foreclosure subject to said liens in favor of the Federal Land Bank and O. C. Bevers.

"Now, therefore, it is further ordered, adjudged and decreed that said vendor's lien as the same existed on the 11th day of June, 1925, against the lands hereinafter in this paragraph described be, and the same is, hereinby in all things foreclosed, this judgment of foreclosure running against the defendant J. M. Powell. The lands referred to and as to which foreclosure is hereby ordered are the following tracts, pieces or parcels of land situated in the William Patterson League Survey in Montgomery County, Texas, fully described by metes and bounds as follows, towit:

" * * * And that the clerk of this court do issue an order of sale directed to the sheriff or any constable of Montgomery County commanding him to seize and sell the above described tracts of land as under execution, said sale to be made subject to the outstanding prior lien held by the Federal Land Bank of Houston as to first, second and fourth tracts herein described, and subject to said lien held by plaintiff O. C. Bevers as to all of said land to secure said note for $470.75 and interest thereon, and that after such sale he shall apply the proceeds thereof to the payment and satisfaction of said sum of money recovered herein by the plaintiff Mrs. W. T. Price against defendant, together with all interest that may be due thereon and all costs of this suit. And if the said lands shall sell for more than sufficient to pay off and satisfy said sum of money, then the said officer is hereby directed to pay over the excess to the defendant; but if the said lands shall not sell for enough to pay off and satisfy this judgment, then said officer shall make the balance due as under execution; and it is further ordered that the said officer shall place the purchaser of said property in possession thereof within thirty days after the date of sale, and said order of sale, when issued, shall have all the force and effect of a writ of possession."

The order of sale under that judgment recited that the foreclosure was subject to the liens in favor of the Federal Land Bank and Bevers. Mrs. Price purchased the land at the foreclosure sale on her bid of $1,000, and the sheriff's deed to her contained the recitation that she purchased the land subject to the liens in favor of Federal Land Bank and Bevers. After she purchased the land, Mrs. Price delivered possession thereof to Bevers, under an agreement whereby he was to try to pay off all the outstanding liens. While he had possession under this agreement, Bevers paid the Federal Land Bank the sum of $490 on its lien and taxes in the sum of $27.78. At the end of the year 1932 Mrs. Price forcibly ousted Bevers from possession of the land. Thereafter, on the 19th day of April, 1934, Bevers instituted this suit against Powell, his grantee under the deed of date the 11th day of June, 1925, and also against Mrs. Price, praying for a personal judgment against Powell for the amount of his $470.75 note, with interest and attorney's fees, and to foreclose his vendor's lien against both Powell and Mrs. Price, as it was retained in his favor in his deed to Powell described above, the amount paid the Federal Land Bank, and the amount of taxes paid by him. Powell answered by general demurrer and general denial. Mrs. Price answered by general and special demurrers, general denial, and by pleading the history of the notes owed by Bevers to her, the execution of the deed to Powell by Bevers, the consideration for that deed, and the retention of the vendor's lien in that deed to secure the payment of her notes, the execution and delivery to Bevers of the $470.75 note, and the retention of the vendor's lien to secure its payment, the default by Powell, the institution of the suit by her and Bevers against Powell, the rendition of judgment in that suit in her favor, the issuance of the order of sale and her purchase of the land, and the delivery to her of the sheriff's deed. By reason of these facts she pleaded that her lien against the land was superior to Bevers' lien; if Bevers was entitled to a fore-

closure sale, the proceeds of the sale of the land be distributed as follows: First, to the payment of court costs; second, to the payment of her notes, as described in the deed from Bevers to Powell; third, to the payment of Bevers' note, etc. By supplemental petition Bevers pleaded general and special demurrers, general and special denial, and a plea of limitation against Mrs. Price's notes.

On trial to the court without a jury, judgment was rendered in favor of Bevers against Powell for the relief prayed for, and against both Powell and Mrs. Price foreclosing his lien, as a superior lien, for the amount of his claim in the sum of $1,338.47; any sum left after the payment of this amount to be paid to Mrs. Price. In support of his judgment the trial court filed conclusions of fact and law, reciting the facts as detailed above, with the following conclusion of law: "I conclude as a matter of law that a lien retained by O. C. Bevers and wife, Sibyl Bevers, in their conveyance of June 11, 1925, to J. M. Powell, was and is a prior lien in so far as the Defendant J. M. Powell and the Defendant Mrs. W. T. Price are concerned, and that the Order of its priority was fixed by the judgment in Cause No. 17,105, wherein Mrs. W. T. Price foreclosed her lien against the property described in the judgment rendered herein, subject to the prior lien held by the Federal Land Bank of Houston, Texas, and subject to the Vendor's Lien evidenced by the $470.75 Note retained by O. C. Bevers."

Mrs. Price has regularly prosecuted her appeal from the judgment of the lower court, but she concedes that judgment was properly rendered in favor of Bevers for the amount paid by him for taxes and to the Federal Land Bank, with foreclosure of a superior lien in his favor for the amount of these two claims. On that concession the judgment of the lower court in these respects is in all things affirmed.

■ Mrs. Price attacks the judgment awarding Bevers a vendor's lien superior to hers by the two following propositions:

"Proposition No. I

"Where there are several notes secured by a vendor's lien on a tract of land, one held by the vendor and the others held by a third party, and there has been a foreclosure of the lien securing the notes held by such third party at which sale he became the purchaser, and, thereafter, on maturity of the note held by the vendor he seeks foreclosure of the lien securing such note, the property should be sold and the notes, being of one series secured by the same lien on all the land, there being no question of priority between the notes, are entitled to share equally in the proportion that one bears to the others in the proceeds of such sale."

"Proposition No. II

"Where a vendor sells a tract of land and the vendee as a part of the purchase price assumes the payment of several notes of the vendor payable to a third party, as well as a note given directly to the vendor, all of which are secured by a vendor's lien, the vendor remaining liable upon the assumed notes held by the third party, such notes are entitled to priority over that retained by the vendor in the distribution of the proceeds upon foreclosure."

Appellant was not entitled to a preference over Bevers, as asserted by her second proposition. This point is based upon the fact that Bevers was liable to her on her notes at the time they were assumed by Powell, and therefore she contends as a matter of law the lien retained to secure his $470.75 note was inferior to the lien retained to secure the payment of her notes. If Mrs. Price ever had a superior lien, a point we do not decide, she lost it by limitation. At the time of the institution of this suit, Bevers had been relieved of all liability to Mrs. Price by the statutes of limitation, and therefore their notes were on a legal parity. For a second reason her lien was not superior to that of Bevers. The pleadings in the case of Mrs. Price and Bevers against Powell are not before us, but it appears affirmatively from the judgment in that cause that there was no issue between them of superiority of their respective liens. The foreclosure in that suit was in no respect for the benefit of Bevers; the judgment directed that the proceeds of the sale be paid, first, to Mrs. Price, and, second, after the satisfaction of her judgment, the balance to Powell. It thus appears from the judgment rendered that the court was foreclosing the vendor's lien against the land only to the extent of the interest of Mrs. Price, leaving Bevers' lien unimpaired. This brings us to a discussion of appellant's first proposition.

By the recitations of the deed from Bevers to Powell, Mrs. Price's notes and the

note in the sum of $470.75 to Bevers were of the same series, secured by the same lien on all the land; her notes were, at least, of equal dignity with the Bevers note, with no issue between them of priority in favor of the Bevers note; and she had equal right with Bevers to have satisfaction of her notes out of the proceeds of the sale of the land in the proportion that her notes bore to the Bevers note.

On the proposition that Mrs. Price had a lien against this land to secure the payment of her notes, it was said by the court in Hales v. Peters (Tex.Civ.App.) 162 S.W. 386, 393: "Where a part of the purchase money for a tract of land is the assumption of an indebtedness due to a third party who has no claim on the land, the vendor's lien arises in favor of such third party to secure such indebtedness (Thomas v. Morrison (Tex.Civ.App.) 46 S.W. 46; Joiner v. Perkins, 59 Tex. 300; 29 Am.&Eng.Ency.Law, p. 49.)" See, also, Pinchain v. Collard, 13 Tex. 333.

On the proposition that the Price notes, by the terms of the deed from Bevers to Powell, were of equal dignity with the Bevers note of $470.75, it was said in Salmon v. Downs, 55 Tex. 243: "Whatever uncertainty may have attended the solution of this question hitherto, it is believed that the matter is now settled by the decisions of our court, and that with us the rule is, that where several notes are given for the same land, having a lien upon it for their payment, and are assigned to different parties, all have equal rights to have satisfaction out of the land, and this without reference to the order in which they may have been assigned or which first matured."

This rule was approved and reaffirmed in the case of Wooters v. Hollingsworth, 58 Tex. 371. See, also, Paris Exchange Bank v. Beard, 49 Tex. 358.

Appellee has no counter proposition against appellant's construction, by her first proposition, of the original lien, but contends that, by the judgment entered in the suit of Mrs. Price against Powell, where he was joined as plaintiff, it was expressly adjudged that his lien was superior to that of Mrs. Price.

If Bevers had not been a party to Mrs. Price's suit against Powell, the lien asserted by him in this suit would not be superior to that of Mrs. Price. That point, on identical facts, is directly supported by Lewis v. Ross, 95 Tex. 358, 67 S.W. 405, 407; Douglass v. Blount, 95 Tex. 369, 67 S.W. 484, 489, 58 L.R.A. 699; Dean v. Hudson, 1 Posey, Unrep.Cas. 365; Robertson v. Guerin, 50 Tex. 317. Under these authorities, if Bevers had not been a party to Mrs. Price's suit, the proper judgment in this case, under Mrs. Price's pleadings, would be to order the land sold and the proceeds divided between Mrs. Price and Bevers in proportion to their respective claims, with a superior claim in Bevers' favor for the amount paid by him to the Federal Land Bank and for taxes.

Appellee contends for a superior lien, first, by reason of the fact that he was a party to Mrs. Price's suit. This fact alone does not support his contention. From the recitations of the judgment we conclude, as stated above, that no issue of priority was made by the pleadings in that suit in favor of Bevers. This is a reasonable construction of the facts of that case because certainly, when that suit was filed, Bevers did not have a superior claim to that of Mrs. Price. They were both represented by the same attorney in that suit, and it is not reasonable that this attorney, by pleading in favor of Bevers, would have given him a superior lien to his other client, Mrs. Price, when, under no possible construction of the facts, he was entitled to that lien. The second contention by appellee is that the judgment in that case, by its recitations, necessarily awarded Bevers a superior lien. This is based upon that part of the decree copied above, whereby Mrs. Price's lien was foreclosed "subject" to Bevers' lien, with "sale to be made subject * * * to said lien held by plaintiff O. C. Bevers." The language "subject to" should not be construed to mean "in subordination to," because clearly that was not the intention of the parties, and there was no pleading between the parties to compel that construction. Then, in foreclosing liens of equal dignity, where no issue of priority is in the case, the language "subject to" does not import a meaning of "in subordination to." Thus, in Lewis v. Ross, supra, discussing this very point, the Supreme Court said: "Lewis held the land subject to the foreclosure of the outstanding notes"; and in Douglass v. Blount, supra, the Supreme Court said: "Douglass [who was the purchaser in the first foreclosure sale] held the land under his pur-

chase subject to the lien of the outstanding notes in the hands of Fortescue." Continuing, in Douglass v. Blount, the Supreme Court said: "The principal of the note or notes foreclosed in this suit shall be taken to represent the interest of Blount [O. C. Bevers is in the position of Blount], and the principal of the note heretofore foreclosed, under which Douglass [Mrs. W. T. Price is in the position of Douglass] purchased, shall represent the interest of Douglass, and the proceeds of the sale of the land should be divided between the two in the ratio that these sums bear to each other."

From what we have said it follows that the judgment of the lower court, in so far as appellee's note for $470.75 was adjudged to be a superior lien to that of appellant, must be reversed, and judgment here rendered that Mrs. Price's lien for the amount of her notes, as described in Bevers' deed to Powell, and the lien asserted by Bevers in this suit are of equal dignity, and that they be foreclosed, the land sold, and the proceeds of the sale be divided between Mrs. Price and Bevers in the ratio that their notes bear to each other.

Affirmed in part; in part reversed and rendered.