**TEXAS OSAGE CO-OP. ROYALTY POOL et al. v. BENZ.**

No. 2917.

Court of Civil Appeals of Texas. Beaumont.

April 9, 1936.

Rehearing Denied April 15, 1936.

R. L. House, of San Antonio, for appellants.

W. B. Thomas, of Groveton, for appellee.

WALKER, Chief Justice.

By his warranty deed dated 10/22/1929, recorded same day, Hubert Langford, joined by his wife, sold and transferred to R. and J. W. Langford 53 acres of land out of the Thomas Trevathan survey in Trinity county for $2,120, evidenced by nine vendor's lien notes, each for the sum of $200, and one vendor's lien note for the sum of $320, payable to the order of appellee, S. W. Benz, maturing serially on the 1st day of November of each year from 1930 to 1939; the vendor's lien was retained in this deed to secure the payment of these notes. By their warranty deed dated 4/29/1930 and recorded 7/23/1930, R. and J. W. Langford sold and conveyed to appellants, Texas Osage Co-Operative Royalty Pool and the Flagg Oil Company, a corporation, one-half of all the oil, gas, sulphur, and all other minerals in and under the land bought by them from Hubert Langford, and in this deed made reference to their deed from Hubert Langford. By their warranty deed dated 10/7/1933, R. and J. W. Langford, on consideration of the cancellation and delivery to them of the notes they had executed to appellee in payment of the land deeded to them by Hubert Langford, and the further consideration of $5 cash to them in hand paid by appellee, sold and transferred to appellee all the land deeded to them by Hubert Langford and against which appellee held a vendor's lien to secure the payment of his notes. After receiving that deed, appellee filed this suit, returnable to the March term, 1935, of the district court of Trinity county, in the statutory form of trespass to try title against appellants, to recover of and from them the title and possession of the land as it was described in his deed from R. and J. W. Langford. Appellants answered only by general and special demurrers, general denial, and plea of not guilty. On trial to the court without a jury, judgment was rendered in favor of appellee against appellants for the relief prayed for. No conclusions of fact and law were filed, nor were they requested. The appeal was prosecuted to the Galveston Court of Civil Appeals, and transferred to this court by orders of the Supreme Court.

Opinion.

The vendor's lien retained by Hubert Langford in his deed to R. and J. W. Langford to secure the payment of the purchase-money notes inured to the benefit of appellee, the payee in the notes, to the same extent as if the notes had been payable originally to Hubert Langford, and then transferred by him to appellee. Hales v. Peters (Tex.Civ.App.) 162 S.W. 386; Thomas v. Morrison (Tex.Civ.App.) 46 S. W. 46; Joiner v. Perkins, 59 Tex. 300; Mrs. W. T. Price v. O. C. Bevers (Tex. Civ.App.) 91 S.W.(2d) 797. But nothing passed to appellee by that deed except the ten vendor's lien notes and the vendor's lien by which they were secured; the superior legal title remained in Hubert Langford, held by him in trust for appellee as security for the payment of the vendor's lien notes. Cleveland State Bank v. Gardner, 121 Tex. 580, 50 S.W.(2d) 786. At the time R. and J. W. Langford sold to

appellants one-half of the oil, gas, and all other minerals in the land, appellee had no title, either legal or equitable, to the land, or to any part of it; his status was that of a mere lienholder. Cleveland State Bank v. Gardner, supra. But he held a lien against all the land to secure the payment of his notes, and his lien was in no way impaired by the deed from R. and J. W. Langford to appellants. However, under and by force of the recordation statutes, the record of that deed gave appellee notice of its execution and of appellants' equities, and he was compelled by law to deal with this land in due recognition of their equities. Burson v. Blackley, 67 Tex. 5, 2 S.W. 668. Holding all the vendor's lien notes against the land, he had the right to take a deed from R. and J. W. Langford, conveying him the land in cancellation of these notes. When he accepted their deed and canceled and surrendered to them his notes, he thereby extinguished the trust relation between him and Hubert Langford; by this transaction he was vested with the legal title to all the land, subject, however, to the equities of appellants. Mason v. Bender (Tex.Civ.App.) 97 S.W. 715 (writ refused).

■ What were the rights and equities of appellants? Their deed from R. and J. W. Langford did not vest them with title to the one-half of the oil, gas, and minerals described in that deed, for their grantors did not have title, but only "a mere contract for a title," conditioned on payment of appellee's notes. Johnson v. Smith, 115 Tex. 193, 280 S.W. 158, 161. But, in the payment of these notes, they had the right under Burson v. Blackley, supra, to compel appellee, first, to resort to that portion of the land reserved by R. and J. W. Langford, and to their interests in the oil, gas, and minerals only in the event that it was necessary to pay the amount of appellee's notes, after exhausting the R. and J. W. Langford interest. This was the full extent of their rights and equities against appellee.

■ Under Mason v. Bender, supra, appellee had the legal title to all the land at the date he instituted this suit; and, under Johnson v. Smith, appellants had no title to the oil, gas, etc., claimed by them, but only "a contract for a title," unless, by canceling and surrendering the notes in consideration of the deed from R. and J. W. Langford, appellee released appellants' interest from his lien. That such was not the intention of the parties to that deed clearly appears from the facts of the transaction, because appellee took a deed to all the land, including the interest claimed by appellants. To hold that this transaction between appellee and R. and J. W. Langford released the interest of appellants from appellee's lien, contrary to the intention of the parties, would operate as a fraud against appellee and to the great advantage of appellants, with no consideration whatever moving from them to appellee for the release. Judge Greenwood, in Johnson v. Smith, discussing a vendor's lien contract, said: "It is plainly the duty of a court of equity to prevent the perpetration of such a fraud."

■ As appellee had the legal title to all the land, appellants rested under the burden of pleading their equities against him —the equities which gave them the right to compel him to sell the land in satisfaction of his notes, and to resort to their interest only in the event the balance of the land was insufficient to pay his notes. This they did not do, but pleaded only a general demurrer and not guilty, which was insufficient to raise the issue of their equities. They tried their case in the lower court, and have briefed it on this appeal simply upon the contention that the transaction between appellee and R. and J. W. Langford released their interest from appellee's lien and vested them with the superior title thereto. This assignment of error presents no other proposition. In this contention they are in error.

Appellants cite Cleveland State Bank v. Gardner, supra, in support of their proposition that appellee was without title to their claimed interest in the oil, gas, etc. In that case the Cleveland State Bank did not own all the vendor's lien notes; in this case appellee owned all the notes. This distinction in the facts brings this case within the doctrine of Mason v. Bender, supra, and distinguishes it from Cleveland State Bank v. Gardner, as recognized by Judge Harvey, the writer of the opinion in that case.

For the reasons stated the judgment of the lower court is in all things affirmed.